**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRUCE LEICHTY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 6:19-cv-01064-JWB-KGG** |
| **vs.** ) | |
| ) | |
| **BETHEL COLLEGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CITY OF NORTH NEWTON, KANSAS' MOTION TO DISMISS**

COMES NOW the City of North Newton, Kansas (hereinafter "Defendant City"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) moves for an Order from this Court dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

In support of said Motion, Defendant City states as follows:

**I.    NATURE OF CASE**

As it relates to Defendant City, Plaintiff has filed this action alleging false arrest and imprisonment pursuant to state law and under 42 U.S.C. § 1983.

**II.    STATEMENT OF FACTS**

1.    On or about March 16, 2018, Plaintiff arrived at Bethel College in North Newton, Kansas to attend a conference hosted by the Mennonite Church USA and Bethel College. The topic was the Holocaust.  Doc. 1, Plaintiff's Complaint, ¶ 14.

2.    Plaintiff brought with him from California several pamphlets and books that he planned to hand out to attendees during the conference.  Doc. 1, ¶ 27.

3.    In addition to handing out his materials, Plaintiff along with two friends planned

1

an open talk tilted "Two Revisionist Jews consider the Holocaust" on the evening of March 16, 2018, at a separate location.  Doc. 1, ¶ 34.

4.      To promote his talk, Plaintiff handed out flyers to conference attendees directly outside of the lecture hall where the sessions were to be held.  Doc. 1, ¶ 37.

5.      Conference organizers approached Plaintiff and requested that he stop handing out these items.  Doc. 1, ¶¶ 37, 40.

6.      As a result of Plaintiff's unwillingness to abide by the wishes of the conference organizers, police were called to the scene after which Plaintiff ceased his distribution of materials.  Doc. 1, ¶¶ 40-41.

7.      Plaintiff later caused a disturbance during a question and answer session at the conference.  Doc. 1, ¶¶ 49-54.

8.      Plaintiff spoke with North Newton, Kansas, Police Chief Randy Jordan after setting up the room for the event that he was moderating that evening.  Doc. 1, ¶ 62.

9.      After the event, Plaintiff returned to the college and spoke to Mark Jantzen who informed him that he was "out of the conference."  Doc. 1, ¶ 66.

10.     On the morning of March 17, 2018, Plaintiff went to the North Newton Police station and spoke to Officer Stovall.  Doc. 1, ¶¶ 73-74.

11.     Plaintiff alleges he confirmed with Officer Stovall that if he went back to the campus he would not be arrested for trespass, but would be allowed to leave at that time. Doc. 1, ¶¶ 74-76.

12.     Plaintiff alleges that when he returned to the Bethel College campus and the conference police were called.  Doc. 1, ¶ 78.

13.     Officer Stovall arrived at the scene and after speaking with the parties placed

Plaintiff under arrest for trespass and transported him to Harvey County Detention Center where he was held in custody for approximately 18 hours.  Doc. 1, ¶¶ 78, 81.

14.     In the Fourth Cause of Action of Plaintiff's Complaint, Plaintiff asserts claims of false arrest and false imprisonment against Defendant City.  Doc. 1, ¶¶ 134-153.

15.     Plaintiff admits he has not provided notice to Defendant City regarding his claims as he alleges that this action is not subject to the Kansas Tort Claims Act because it does not apply to intentional torts.  Doc. 1, ¶ 11.

16.     In the Tenth Cause of Action of Plaintiff's Complaint, Plaintiff asserts a claim for a violation of his Federal Civil Rights pursuant to 42 U.S.C. Section 1983 against Defendant City based on his alleged false arrest and false imprisonment.  Doc. 1, ¶¶ 194-209.

## III.   STATEMENT OF QUESTIONS PRESENTED

A.     Did Plaintiff properly provide notice to the City of North Newton, Kansas of his tort claims pursuant to the Kansas Tort Claims Act, specifically, K.S.A. 12-105(b)(d) before filing his lawsuit?

B.     Do Plaintiff's claims against Defendant City under state tort law fail as a matter of law as Plaintiff has failed to state a claim upon which relief can be granted?

C.     Do Plaintiff's claims against Defendant City under 42 U.S.C. § 1983 fail as a matter of law as Plaintiff has failed to show a depravation of rights based on official custom, policy or practice?

## IV.   STANDARD OF REVIEW

### A.   Standard for Motion to Dismiss

The United States Supreme Court has held that in order to state a claim for relief, a plaintiff must allege sufficient facts to state a "plausible" claim. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 127 S.Ct. 1955 (2007). Under the *Bell Atlantic* standard, a plaintiff must state a "plausible" claim by providing factual allegations enough to raise a right to relief above a "speculative" level and provide information of his entitlement to relief. *Id.* Labels, conclusions, and "formulaic recitation of the elements" will not suffice. *Id.* at 1958-59; *Harara v. Landamerica Financial Group, Inc.,* 2007 WL 2938172 at *4 (N.D. Cal. Oct. 9, 2007) (quoting *Bell Atlantic*, 550 S.Ct. 544).

## V.  ARGUMENT AND AUTHORITIES

### A.  Plaintiff's Fourth Cause of Action against Defendant City fails as a matter of law as Plaintiff failed to provide Defendant City of North Newton, Kansas with notice of claims as required by the Kansas Tort Claims Act

Plaintiff's state tort claims of false arrest and imprisonment against Defendant City set forth in Plaintiff's "Fourth Cause of Action" should be dismissed because Plaintiff failed to properly provide Defendant (a municipality) with prior written notice of his claims. A person bringing a claim against a municipality based upon tort must first provide that municipality with prior written notice of the claim pursuant to K.S.A. 12-105b. *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63, 66 (2014); *Dodge City Implement, Inc. v. Board of Barber County Comm'rs*, 288 Kan. 619, 639, 205 P.3d 1265 (2009).

Any person having a state law claim against a municipality which could give rise to an action brought under the Kansas Tort Claims Act must file a written notice prior to filing suit. K.S.A. 12-105b(d). Compliance with this provision is mandatory; if the statute is not complied with, the court cannot obtain subject matter jurisdiction. *Dunnegan v. City of Council Grove*, 77 F.Supp.2d 1192, 1206 (D. Kan. 1999); *Christopher v. State ex rel. Kansas Juvenile Justice Authority*, 36 Kan.App.2d 697, 143 P.3d 685 (2006).

The purpose of this provision is "to insure that the municipality has ample time to investigate the claim before being sued on that claim." *Dunegan v. City of Council Grove*, 77 F.Supp.2d 1192, 1205 (D. Kan. 1999). Since the notice is considered a condition precedent to maintaining jurisdiction, "compliance therewith must be pled in order for a complaint asserting a claim to state a cause of action." *Orr v. Heiman*, 270 Kan. 109, 12 P.3d 387 (2000)(quoting *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, 913 P.2d 119 (1996)); K.S.A. §60-209.

In Plaintiff's "Fourth Cause of Action", Plaintiff has asserted claims of false arrest and false imprisonment against Defendant City.  Plaintiff admits that he did not provide notice to Defendant City prior to the filing of his Complaint and alleges that requirements of K.S.A. 12-105b does not apply in this matter because these are "intentional torts".  Doc. 1, ¶ 11.  However, Kansas courts have repeatedly held that false arrest and false imprisonment are included in K.S.A. 12–105b(d)'s notice requirement. *See e.g., Garcia v. Anderson*, 46 Kan.App.2d 1094, 1100, 268 P.3d 1248, 1252 (2012) (holding that Plaintiff's claims in that case could "give rise to a number of actions whereby the appellees could be liable in Kansas, namely assault, battery, **false imprisonment**, invasion of privacy, and damages for racial profiling. All of these types of claims are covered by [12–105b(d)'s] notice requirement." (emphasis added)); *see also Mitchell v. Unified Government*, 00-CV-2116-CM, 2000 WL 1920036, at *3 (D. Kan. Dec. 21, 2000) (holding that the defendant was entitled to summary judgment on claims for false arrest and false imprisonment, among others, based on Plaintiff's failure to comply with 12-105b).

Defendant City is now prejudiced where it had no prior notice of the claim, and was not able to investigate or address Plaintiff's claim prior to being sued. Plaintiff has admitted he did

not comply with Section 12-105b(d) and thus not all of the conditions precedent have been met, and the state tort claims Plaintiff has alleged must be dismissed.

Therefore, as Plaintiff failed to comply with K.S.A. 12-105b, this court lacks subject matter jurisdiction over these claims and Plaintiff's Fourth Cause of Action as to Defendant City must be dismissed.

### B. In the alternative, Plaintiff's Fourth Cause of Action against Defendant City fails as a matter of law as it fails to state a claim upon which relief can be granted for false arrest and imprisonment

In the alternative, Plaintiff's state tort claims against Defendant City related to his arrest and imprisonment should be dismissed based on failure to state a claim upon which relief can be granted.

"[A] cause of action which alleges negligent conduct by law enforcement officers which results in false arrest and consequent damages is a cause of action for false arrest and imprisonment. 'False arrest' is the restraint of the personal freedom of an individual without legal excuse by any words, acts, threats, or personal violence that under the circumstances the one being restrained fears to disregard." *Soto v. City of Bonner Springs*, 38 Kan. App. 2d 382, 385, 166 P.3d 1056, 1059 (2007) (citation omitted).

In this case, as plead, the officers involved in the arrest had probable cause to arrest and imprison Plaintiff for trespass. *See Mendoza v. Reno County*, 235 Kan. 692, 695, 681 P.2d 676 (1984). Based on Plaintiff's own allegations, he was told by Mark Jantzen that he was no longer permitted at the college for the conference. Doc. 1, ¶ 66. Yet, Plaintiff returned the next day and police were contacted by the college regarding him trespassing on private property. Doc. 1, ¶ 78. Therefore, the responding officers had probable cause to arrest and briefly imprison Plaintiff for trespass.

Furthermore, Defendant City and the officers would be immune from liability under K.S.A. 75-6104(c) as they were "a governmental entity or an employee acting within the scope of the employee's employment . . . resulting from enforcement of . . . a law, whether valid or invalid, including, but not limited to, any statute, rule and regulation, ordinance or resolution" and K.S.A. 75-6104(e) as the claims by Plaintiff are "based upon the exercise or performance . . . of a discretionary function or duty on the part of a governmental entitle or employee[.]"

Therefore, as the officers had probable cause to arrest Plaintiff and are immune from liability pursuant to K.S.A. 75-6104, Plaintiff's Fourth Cause of Action fails and should be dismissed for failure to state a claim upon which relief can be granted.

### C.  Plaintiff's Tenth Cause of Action fails to state a claim against Defendant City of North Newton, Kansas under § 1983

"In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution." *Richey v. Ferguson*, 2007 WL 710129, *18 (W.D. Ark. Mar. 6, 2007).  An essential element of any civil rights action is that the person's direct personal participation in the actions or actions upon which the claimant is based. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).  A defendant cannot be held liable in a civil rights action based solely upon his or her supervisory capacity. *Sandifer v. Green*, 126 Fed.Appx. 908, 909 (10th Cir. 2005).

"Under § 1983, a defendant may not be held liable under a theory of respondeat superior. Instead, a plaintiff must show that an affirmative link exists between the constitutional deprivation and either the defendant's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (citation omitted).

Plaintiff's Complaint appears to be making a claim under Section 1983 against Defendant City based on the actions of its officer in arresting Plaintiff.  Doc. 1, ¶¶ 194-210.  Therefore, to

the extent that Plaintiff is attempting to bring a claim against Defendant City based on the actions of its employees, Plaintiff's claims fail because Section 1983 claims cannot be premised on principles of respondeat superior. *Smedley v. Corrs. Corp. of Am.,* 175 Fed. App'x. 943, 946 (10th Cir. 2005).

"A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Hinton v. City of Elwood,* 997 F.2d at 782. Municipal liability under § 1983 requires that a plaintiff must show "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978)).

"A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton,* 997 F.2d at 782. Here, as argued above, Plaintiff cannot show a constitutional violation by any officer because the officers had probable cause to arrest him.

Next municipal liability requires a "'policy statement, ordinance, regulation, or decision officially adopted and promulgated by a municipality's officers." *Starret v. Wadley,* 876 F.2d 808, 818 (10th Cir. 1989)). That official policy or custom must have caused the plaintiff's injury. *Bryan County v. Brown,* 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403–04 (citation omitted).

Here, Plaintiff has not alleged any constitutional violation that was caused by a municipal custom, practice or policy attributable to a final policymaker of Defendant City.  Existence of a policy or custom requires that plaintiff must establish one of the following: (1) a formal policy, officially promulgated or adopted by a municipality, *Monell*, 436 U.S. at 690; (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–30 (1985) (plurality opinion); or (4) a failure by official policymakers to properly train or supervise subordinates to such an extent that it "amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff's Complaint does not contain any allegations regarding any policy or custom of Defendant City and cannot show a constitutional violation.  Therefore, Plaintiff's Tenth Cause of Action as it relates to Defendant City must be dismissed for failure to state a claim upon which relief can be granted.

## VI.  <u>CONCLUSION</u>

WHEREFORE, Defendant City of North Newton, Kansas, requests an Order from this Court dismissing Plaintiff's Complaint [Doc. 1] as it relates to the claims against it, and for such other relief as is just and necessary.

Respectfully submitted,

_/s/ Tracy M. Hayes_

| Tracy M. Hayes | KS #23119 |
|---|---|
| Robert M. Reynolds | KS #27703 |

SANDERS WARREN RUSSELL & SCHEER LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS  66210
Phone:  913-234-6100
Fax:  913-234-6199
t.hayes@swrsllp.com
r.reynolds@swrsllp.com
**_Attorneys for the City of North Newton, Kansas_**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 3rd day of July, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

Bruce Leichty
BRUCE LEICHTY, A P.C.
220 W. Grand Avenue
Escondido, CA  92025
Phone: 760-484-2467
Fax: 951-676-7462
leichty@sbcglobal.net
**_PRO SE_ PLAINTIFF**

Scott E. Sanders
MCDONALD TINKER PA
300 W. Douglas, Suite 500
Wichita, KS  67202
Phone: 316-263-5851
Fax: 316-263-4677
ssanders@mcdonaldtinker.com
**ATTORNEYS FOR BETHEL COLLEGE AND JOHN THIESEN**

Kelsey N. Frobisher
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS  67206-4466
Phone: 316-291-9518
Fax: 316-347-9611
kfrobisher@fouslton.com
**ATTORNEYS FOR HARVEY COUNTY**

Toby Crouse
CROUSE LLC
11814 Antioch, No. 253
Overland Park, KS  66210
Phone: 913-957-6832
tcrouse@crousellc.com
**ATTORNEYS FOR HARVEY COUNTY**

Alan L. Rupe
Kevin E. Miller
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1605 North Waterfront Parkway, Suite 150
Wichita, KS  67206
Phone: 316-609-7900
Fax: 316-462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com
**ATTORNEYS FOR MENNONITE
CHURCH, USA**

Eric A. Van Beber
Kevin D. Weakley
WALLACE SAUNDERS
10111 West 87th Street
Overland Park, KS  66212
Phone: 913-888-1000
Fax: 913-888-1065
evanbeber@wallacesaunders.com
kweakley@wallacesaunders.com
**ATTORNEYS FOR LANCASTER
MENNONITE HISTORICAL SOCIETY**

Thomas P. Schult
Jennifer B. Wieland
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO  64108
Phone: 816-561-7007
Fax: 816-561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com
**ATTORNEYS FOR JOEL NOFZIGER**

*/s/ Tracy M. Hayes*
Attorney