# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LEICHTY, | ) |
| | ) |
| Plaintiff, | ) Case No.: 6:19-CV-01064-JWB-KGG |
| | ) |
| v. | ) |
| | ) |
| BETHEL COLLEGE, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT HARVEY COUNTY'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Respectfully Submitted,

FOULSTON SIEFKIN LLP

By: */s/Kelsey N. Frobisher*
Kelsey N. Frobisher, #26870
1551 North Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 267-6371
(866) 347-3808 FAX
Email:  kfrobisher@foulston.com

*and*

Toby Crouse, #20030
CROUSE LLC
11184 Antioch, No. 253
Overland Park, Kansas 66210
Phone: 913.957.6832
Email: tcrouse@crousellc.com

*Attorneys for Defendant*
*Harvey County, Kansas*

1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................2

I.    INTRODUCTION............................................................................................3

      A.    Governing Standards: Fed. R. Civ. P. 12(b)(6). ....................................3

      B.    Background ............................................................................................5

II.   ARGUMENT AND AUTHORITIES..............................................................7

      A.    Harvey County cannot sue or be sued. ..................................................7

      B.    Plaintiff has presented no plausible claim for relief against Harvey County...................................................................................................7

III.  CONCLUSION .................................................................................................8

CERTIFICATE OF SERVICE........................................................................................9

**I.   INTRODUCTION**

Plaintiff Bruce Leichty's claims fall into two distinct categories. One concerns his grievances against a private college concerning its treatment of Plaintiff at a recent conference. The other concerns law enforcement's efforts to remove him from the school's private property. Defendant Harvey County is party to this litigation only because of the latter encounter.

The claims against Defendant Harvey County fail as a matter of law. *First*, Harvey County is an improper defendant in this action. *See* K.S.A. 19-105. *Second*, even if Harvey County were a proper party, it is not legally responsible for the conduct that Plaintiff describes. Accordingly, Harvey County respectfully requests that it be dismissed from this case.

**A.   Governing Standards: Fed. R. Civ. P. 12(b)(6).**

Harvey County contends that the Complaint fails to state a claim upon which relief may be granted, making dismissal proper. *See* Fed. R. Civ. P. 12(b)(6). A complaint states a claim if it contains sufficient factual assertions describing the grounds entitling this plaintiff to relief from the named defendant(s). *See* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit, in *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011), identified the two "working principles" that underlie the standard *Twombly* outlined. *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *First*, the court ignores legal conclusions, labels, and any formulaic recitation of the elements. *See* 656 F.3d at 1214. *Second*, the court asks whether plaintiff has alleged facts that make his or her claim plausible—meaning that there are "sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Id.* (citing *Twombly*).

The allegations must be enough to "nudge" the claim across the line from conceivable to plausible. *See, e.g., Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In other words, the "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in

3

support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphasis original). This plausibility standard—which falls squarely upon plaintiff to satisfy—eliminates claims that lack a reasonable prospect of success. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Plausibility, like most things in life, depends upon the context. *See Kan. Penn*, 656 F.3d at 1215. For example, a simple auto accident negligence case might require little more than an allegation that "the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. On the other hand, a complaint asserting constitutional claims against municipal entities or government officials clothed with immunities require more. *See Kan. Penn*, 656 F.3d at 1215; *Robbins*, 519 F.3d at 1249 (recognizing *Twombly* "may have greater bite" in the Section 1983 context). Thus, a Section 1983 plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated [his or her] constitutional rights, and that those rights were clearly established at the time." *Robbins*, 519 at 1249. Doing so requires the Section 1983 plaintiff to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1250 (emphasis original).

Scrupulous adherence to the pleading standard of *Twombly*, *Robbins*, and *Kansas Penn* delivers upon the promise of a just, speedy, and inexpensive determination of claims set forth in Federal Rule of Civil Procedure 1. It ensures that defendants are placed on notice of their alleged misconduct and can prepare an appropriate defense. *See Kan. Penn*, 656 F.3d at 1215. It also permits the termination of meritless claims before "ginning up the costly machinery associated with our civil

discovery regime on the basis of a largely groundless claim." *Id.* (internal quotations and citations omitted).

### B. Background

The facts below are taken from the Complaint and accepted as true only for purposes of Harvey County's Motion to Dismiss. Harvey County reserves the right to contest each fact allegation at all later stages of this or any other proceeding.[1]

**1.** Plaintiff is a California attorney with "dissenting" views on the Holocaust. ECF No. 1, ¶¶ 2, 17, 46–48. He became aware of a conference, "Mennonites and the Holocaust" that Bethel College and the Mennonite Church USA were hosting in North Newton, Kansas, and made plans to attend. ECF No. 1, ¶¶ 14, 19–27, 34. He paid to register, made travel plans, purchased written materials about the "propaganda" of the Holocaust that he planned to hand out to conference-goers, and rented a community room in North Newton where he and two "Jewish Revisionists" planned to make their own presentation during a break in the conference schedule. ECF No. 1, ¶¶ 14, 19–27, 34.

**2.** According to Plaintiff, the conference hosts/planners prevented Plaintiff from handing out his written materials at the conference, interrupted him when he used a microphone at a question/answer session to advertise his planned presentation, and announced to the conference that there was a "Holocaust denier" present, despite Plaintiff's preference for the term "revisionist." ECF No. 1, ¶¶ 46–48, 50–56.

---

[1] Harvey County has searched records both of the Sheriff's Department and of county emergency dispatch. Those records confirm that there were no Harvey County Sheriff's personnel on scene for, or otherwise involved in, the arrest or transport of Plaintiff. (Plaintiff was detained in the Harvey County Jail, pursuant to K.S.A. 19-1930, after his arrest and transport by other law enforcement.) Nonetheless, even on the facts pleaded by Plaintiff, the Complaint fails to state a colorable claim against Harvey County. *See* Part II *infra*.

5

**3.** Plaintiff claims that he received mixed messages about whether he could attend Day Two of the conference**.** After Day One of the conference, Plaintiff made plans to have lunch with one of the conference organizers the next day, to discuss "Plaintiff's agenda and concerns." ECF No. 1, ¶ 57. He also had three encounters with the North Newton PD Chief on Day One, which were brief and amicable. ECF No. 1, ¶¶ 58, 62. That evening, a conference representative told Plaintiff that Plaintiff was "out of the conference" but did not use the word "trespass" or tell Plaintiff that he could not come onto campus grounds. ECF No. 1, ¶¶ 64–71. Plaintiff was subjectively concerned enough about whether he was permitted to re-enter campus that he went to the North Newton PD station the morning of Day Two (March 17, 2018) to discuss the situation. ECF No. 1, ¶¶ 73–76. According to the Complaint, a North Newton PD officer told Plaintiff that college officials had the right to order Plaintiff to leave campus grounds but that, in such an event, police would give Plaintiff an opportunity to voluntarily leave before arresting him. ECF No. 1, ¶ 76.

**4.** Conference officials reported Plaintiff's reappearance on campus, and Plaintiff was arrested. ECF No. 1, ¶¶ 78–80. Although the Complaint gives no details about what happened when Plaintiff returned to campus for Day Two of the conference, it does allege that conference representatives reported to law enforcement that "Plaintiff had appeared on the campus that morning in defiance of a prior warning issued to him." ECF No. 1, ¶ 78. As a consequence, "Plaintiff was arrested by Officer Stovall with the support of Harvey County law enforcement officers." ECF No. 1, ¶ 78. During this arrest, Plaintiff's hands were cuffed behind his back, he was transported in "an uncomfortable position in the rear seat of a vehicle" where he became concerned about the circulation to his hands, and he was detained at the Harvey County Detention Center for 18 hours before being released. ECF No. 1, ¶¶ 81, 88, 91.

## II. ARGUMENT AND AUTHORITIES

Dismissal is required because the Complaint fails to state a claim upon which relief can be granted. *First*, Harvey County lacks capacity to sue or be sued. *Second*, Harvey County is not legally responsible for the conduct of which Plaintiff complains. Accordingly, Harvey County respectfully requests judgment as a matter of law.

### A. Harvey County cannot sue or be sued.

The Complaint purports to name "Harvey County" as a defendant in this matter, but Kansas law does not permit this.

In Kansas, there is but one way to name a county: naming and serving the "board of county commissioners of the county of _____." *See* K.S.A. 19-105. Harvey County therefore, "is not a legal entity with the capacity to be sued." *Schwab v. Kansas*, No. 16-4033-DDC, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017). "Because plaintiff[] ha[s] sued the County itself instead of the board of county commissioners as Kansas law requires, [the] claims against [Harvey County] fail to state a claim for relief." *Id*; *accord Barngrover v. Cnty. of Shawnee*, No. 02-4021-JAR, 2002 WL 1758914, at *1 (D. Kan. June 10, 2002).

### B. Plaintiff has presented no plausible claim for relief against Harvey County.

The entirety of Plaintiff's complaint against Harvey County relates to the conduct of unnamed officers allegedly working for the Harvey County Sheriff, concerning Plaintiff's arrest and detention at the Harvey County Jail for 18 hours after that arrest. While neither the Harvey County Sheriff nor his personnel were present for or assisted with the arrest, Harvey County, for purposes of this Motion to Dismiss, accepts the facts as pleaded by Plaintiff.

Even if the Complaint asserted a claim against the Harvey County Board of County Commissioners, the Complaint fails to state a claim. Under Kansas law, a Kansas county cannot be

held responsible for the acts and omissions of a sheriff's deputy. Harvey County (or even the Board of County Commissioners of Harvey County, had it been named) is not a proper defendant to answer for the alleged conduct of Harvey County Sheriff's personnel in arresting or detaining an individual because, as a matter of Kansas law, the Board has no authority to set policy for or direct the operations of the Sheriff or his deputies. *See Bd. of Cnty. Comm'rs v. Nielander*, 62 P.3d 247, 251–54 (Kan. 2003); *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997) (state law determines who is final policymaker). Rather, the Kansas Legislature has assigned that task solely to the Sheriff. *See* K.S.A. 19-805(a); *see also* K.S.A. 19-1930 (sheriff required to accept detainees); K.S.A. 19-811 (sheriffs have "charge and custody" of county jails and all prisoners therein); K.S.A. 19-1903 (sheriff to "keep the jail"). As a result, Harvey County (or the Board, had it been named) cannot be held liable for the acts or omissions of sheriff's deputies. *See McHenry v. City of Ottawa*, Case No. 16-2736, 2017 WL 4269903, at *11–12 (D. Kan. Sept. 26, 2017) (Board cannot incur liability for acts or omissions of sheriff's deputies).

### III.     CONCLUSION

For the foregoing reasons, Harvey County, Kansas requests that this Court grant its motion to dismiss.

Respectfully Submitted,

FOULSTON SIEFKIN LLP

By: */s/Kelsey N. Frobisher*
Kelsey N. Frobisher, #26870
1551 North Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 267-6371
(866) 347-3808 FAX
Email: kfrobisher@foulston.com

*and*

Toby Crouse, #20030
CROUSE LLC
11184 Antioch, No. 253
Overland Park, Kansas 66210
Phone: 913.957.6832
Email: tcrouse@crousellc.com

*Attorneys for Defendant*
*Harvey County, Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and a copy has been mailed, first-class U.S. Mail to:

Bruce Leichty
220 W. Grand Avenue
Escondido, CA 92025
760-484-2467
951-676-7462 (fax)

*Pro Per Plaintiff*

*/s/Kelsey N. Frobisher*
Kelsey N. Frobisher, #26870

9