### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

BRUCE LEICHTY,

    Plaintiff,

v.

BETHEL COLLEGE, MENNONITE CHURCH USA, CITY OF NORTH NEWTON, KANSAS, HARVEY COUNTY, LANCASTER MENNONITE HISTORICAL SOCIETY, JOHN THIESEN, and JOEL NOFZIGER,

    Defendants.

Case No.: 6:19-CV-01064-JWB-KGG

### DEFENDANT MENNONITE CHURCH, USA'S
### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Mennonite Church, USA, moves this court for an order dismissing with prejudice all claims made against it by Plaintiff Bruce Leichty ("Plaintiff"). Plaintiff's Complaint fails to state a claims for which relief can be granted, and this Court has authority to dismiss the claim under Fed. R. Civ. P. 12(b)(6). The factual allegations within the Complaint do not present a cognizable theory of liability against Defendant Mennonite Church, USA. Plaintiff conflates actions of other Defendants with alleged actions of Defendant Mennonite Church, USA. Plaintiff fails to state any action by a person associated or affiliated with Defendant Mennonite Church, USA. Conflation of the acts of Defendant Bethel College with purported acts of Defendant Mennonite Church, USA through the term "sponsor" does not establish Defendant Mennonite Church, USA acted in any way. Because there is no cognizable theory of liability against Defendant Mennonite Church, USA, Plaintiff's claims must be dismissed with prejudice.

4851-6395-1516.1

**FACTUAL BACKGROUND**

*A. Plaintiff attends a conference on the Holocaust*

Plaintiff alleges he attended a conference concerning the Holocaust at Bethel College in Newton, Kansas and was subsequently forced to leave the premises. *See generally*, ECF 1. At the conference, Plaintiff attempted to hand out flyers and advertise for a separate event he was hosting where his guests would talk about a "revisionist" view of the Holocaust. ECF 1, ¶¶ 34, 37, 54. He was told that he was not allowed to distribute his flyers at the conference. After advertising for his event during a question and answer period, he was asked to leave and an employee of Defendant Bethel College allegedly called the police to have him removed. ECF 1, ¶54.

*B. Plaintiff is told he is not allowed to be at the conference any longer but returns to the conference anyway.*

After his private event, Plaintiff returned to Bethel College's campus and was told, "you are also out of the conference" by the same employee that called the police. ECF 1, ¶66. Plaintiff returned the next day after talking with police officers about his plan to return to the campus. ECF 1, ¶¶ 73-81. Upon his arrival, police were called and he was arrested for trespassing. *Id.*

*C. Allegations pertaining to Defendant Mennonite Church, USA's involvement in the conference*

Plaintiff alleges, with no explanation or factual support:

> Plaintiff's registration for the Conference was accepted and he was prior to the start of the Conference issued a badge and conference materials by Defendants College *and [Mennonite Church, USA], the sponsors of the Conference* . . . confirming his right to be present at and attend the Conference. ECF 1, ¶20 (emphasis added).

The only person Plaintiff associates with Defendant Mennonite Church, USA is John Sharp—who Plaintiff labels a "representative."

> With the session ended, Plaintiff began to leave the room, but was approached by a representative of [Mennonite Church, USA], John Sharp, who had been seated nearby; Plaintiff was then accompanied to the parking lot by Sharp, at which point he

and Sharp agreed that they would meet at lunch the next day to discuss Plaintiff's agenda and concerns. ECF 1, ¶ 57.

The only other references to Sharp involve substantially the same allegation.

Plaintiff sought assurance from Officer Stovall that he would not be arrested if he attempted to assert his right to attend and remain at the Conference, and if he was unable to persuade Sponsors of his existing right, which Plaintiff believed was still in effect by virtue of his badge and paid registrant statutes and his belief that Sharp's invitation was still standing . . . . *See e.g.* ECF 1, ¶75.

### D. *Relationships of actors and their organizations*

In analyzing Plaintiff's Complaint, it is paramount to address the relative alleged associations of persons. First, Plaintiff alleges Mr. Sharp is a "representative" of Defendant Mennonite Church, USA. Second, Plaintiff alleges John Thiesen is a "representative[] of the Sponsors *and employee[] of the College*." ECF 1, ¶43 (emphasis added). Mark Jantzen is alleged to be "*employed as a professor of history at the College* and held himself out at a representative of the Sponsors with power to determine who could register and receive a name tag or badge." ECF 1, ¶67 (emphasis added). Besides the conflation of being a "representative of the Sponsors," Plaintiff does not allege any association of Mr. Thiesen and Mr. Jantzen with Defendant Mennonite Church, USA. For the purposes of this motion, the other relative associations are irrelevant.

### E. *Plaintiff files a lawsuit*

Following his arrest, Plaintiff sued, among others, Defendant Mennonite Church, USA. Plaintiff makes allegations against Defendant Mennonite Church, USA in the First, Second, Third, Fifth, Sixth, Eight, and Ninth causes of action. Against Defendant Mennonite Church, USA, Plaintiff alleges (1) breach of contract; (2) intentional false arrest; (3) negligent false arrest; (4) defamation for stating he was a holocaust denier; (5) defamation for reporting to the police he was trespassing; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional

distress.  *See generally* ECF 1.  Plaintiff alleges *no facts* showing any act or omission of any person affiliated with Defendant Mennonite Church, USA in support of these claims.

## STATEMENT OF THE ISSUE

Whether Plaintiff has failed to state a claim for which relief can be granted by failing to allege any tortious activity by Defendant Mennonite Church, USA.

## ARGUMENTS AND AUTHORITIES

I.   *Standard of Review*

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the ultimate question is whether, from the face of the complaint, the Plaintiff has stated a plausible theory under which there is a reasonable likelihood of establishing factual support for the claim.  *Ridge at Red Hawk, LLC v. Scheiber*, 493 F.3d 1174, 1177 (10th Cir. 2007).  A motion to dismiss for failure to state a claim does not challenge the factual support for a claim, but rather it challenges whether the reasonable facts and inferences construed in favor of the non-moving party is legally sufficient to state a claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  This plausibility standard does not require a showing of a probability of success or a preponderance of the evidence supporting the purported theories of liability.  However, to overcome a motion to dismiss, Plaintiff must present more than a mere possibility that his claims have factual support.  *Id.*  Labels, conclusions, and a formulaic statement of the elements of a cause of action is not sufficient to establish a claim.  There must be specific, identified factual allegations to support a claim.  *Id.* at 555.

In reaching a conclusion, the Court must take all factual allegations in the Complaint as true.  *Ashcroft v. Iqbal*, 556 U.S 662, 678-79, 129 S. Ct. 1937 (2009).  A legal conclusion is not a factual allegation that the Court must accept.  *Twombly*, 550 U.S. at 555.  In accordance with this, the Court

must determine what statements within the Complaint are a legal conclusion and what statements are factual allegations. After separating the legal conclusions from the factual allegations, the Court must assess whether the factual allegations support a plausible theory, taking the factual allegations as true. A claim has facial plausibility if there is some cognizable legal theory of liability against the defendant. The well pled facts of a complaint must provide some "heft" to move the allegations from speculation or possibility to plausibility. *Id.*

II. *Plaintiff's Conflation of Sponsor and Host and/or Organizer does not Establish Tort Liability*

While Plaintiff often alleges the sponsors acted collectively, he never makes a single allegation concerning what the "sponsorship" entails. He merely makes a conclusion that Defendant Mennonite Church, USA was a "sponsor" of the event with Defendant Bethel College. He provides no factual allegation concerning the extent of the sponsorship or what actions it takes to be considered a sponsor of an event. Defendant Mennonite Church, USA admits it was a "sponsor" of the event in a term much more limited than Plaintiff's apparent expansive definition of the term. Defendant Mennonite Church, USA provided a grant in order for Defendant Bethel College and non-defendant Hesston College to host, organize, and hold the Conference.[1]

Throughout his Complaint, Plaintiff conflates purported actions of the Sponsors of the events. He alleges no factual support for any specific tortious conduct of Defendant Mennonite Church, USA. Instead, through his conflation of different entities he merely speculates as to whom acted in a tortious way against him. Speculation does not create a plausible cause of action. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("It is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom to provide each

---

[1] The grant also provided for another event to establish a relationship between the Jewish and Mennonite communities.

individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . . (emphasis in original).  By itself, such conflation is sufficient to dismiss the claims against Defendant Mennonite Church, USA.

Through a careful reading of the Complaint, it becomes clear Plaintiff is not actually alleging Defendant Mennonite Church, USA performed any tortious action.  First, the Court should look at the actions Plaintiff alleges occurred at the conference.  Plaintiff alleges Mr. Jantzen prevented Plaintiff's associates from registering for the event on the first day.  ECF 1, ¶ 36.  Mr. Jantzen also allegedly told Plaintiff he was kicked out of the conference.  ECF 1, ¶ 66.  Plaintiff alleges Mr. Thiesen told the audience there was a "'holocaust denier'" at the conference.  ECF 1, ¶ 43.  In contrast, Plaintiff alleges Mr. Sharp asked him for a lunch meeting.  ECF 1, ¶ 57.

Next, the affiliation of these actors is important.  Mr. Jantzen is alleged to be affiliated with Defendant Bethel College because he is employed by Bethel College.  *See* ECF 1, ¶ 67.  Mr. Thiesen is alleged to be a "representative of sponsors" but also an "employee of [Defendant Bethel] College." ECF 1, ¶ 66.  Plaintiff's statement that Mr. Jantzen and Mr. Thiesen are representatives of Defendant Mennonite Church, USA is a legal conclusion that this Court does not have to accept as true in considering whether there is a facially valid cause of action against Defendant Mennonite Church, USA.  *Twombly*, 550 U.S. at 555.  Plaintiff is concluding Mr. Jantzen and Mr. Thiesen somehow acted on behalf of Defendant Mennonite Church, USA even though his factual support alleges they were employees of Defendant Bethel College.

There is no factual basis or allegation that Mr. Jantzen or Mr. Thiesen had any authority to represent Defendant Mennonite Church, USA.  By claiming that Mr. Jantzen and Mr. Thiesen were representatives of the "sponsors", at most Plaintiff has provided factual support that they were representatives of Defendant Bethel College by being employed by Defendant Bethel College.

Plaintiff even alleges he "did not know then and does not know now the capacity in which [Mr.] Jantzen spoke." ECF 1, ¶67. This demonstrates Plaintiff is not alleging Mr. Jantzen was a representative of Defendant Mennonite Church, USA—he admits he is not. Any connection to Defendant Mennonite Church, USA is baseless speculation that cannot survive a motion to dismiss.

The lack of factual support for action by Defendant Mennonite Church, USA is demonstrated by the wording of Plaintiff's Complaint. Plaintiff admits on March 16, 2018, the Defendant Bethel College called the police: "Plaintiff told Officer Stovall that *the College had called the police chief the previous day and that Chief Jordan had come to the campus*." ECF 1, ¶ 74 (emphasis added). Plaintiff also believed "College officials might also try to deny him the right to participate in the Conference that morning." *Id.* Plaintiff also, albeit erroneously, believed Mr. Jantzen lacked authority to revoke his registration and prevent him from returning to the conference. ECF 1, ¶ 75. Plaintiff's factual allegations only support the conclusion Defendant Bethel College officials called the police leading to his arrest.

Plaintiff's conflation of action by Defendant Mennonite Church, USA and Defendant Bethel College is clear by comparing the language of Plaintiff's Complaint in paragraphs 76 and 87. In Paragraph 76, Plaintiff alleges Officer Stovall told him that college officials had the right to order him off campus if he refused to leave. In Paragraph 87, Plaintiff alleges he went to that campus "with the additional knowledge that he had confirmed with North Newton police that very morning that if his participation at the Conference *was challenged by Sponsors*, he would be given a warning to leave the campus . . . ." ECF. 1, P. 87 (emphasis added). Comparing these two paragraphs demonstrates Plaintiff has erroneously and ambiguously equated the alleged actions of Defendant Bethel College with the actions of Defendant Mennonite Church, USA without any factual support. Plaintiff was allegedly told that if *Bethel College officials* tried to remove him they had the right to

order him off campus if he refused to leave.  Without any factual support, he changes this, to if "Sponsors" challenged his attendance he would be given a warning to leave.  *Id.*  Plaintiff's statement of how "Sponsors" acted is a label and conclusion about the alleged actions not a factual allegation.[2]  These types of labels are insufficient to overcome a motion to dismiss.  *See Iqbal*, 556 U.S. at 672.  Plaintiff does not demonstrate *who* did *what* to *whom*.  *See Robbins* 519 F.3d at 1247.  Through these paragraphs, Plaintiff introduces ambiguity by changing who he is alleging committed acts.  Absent this equivocation, there is no factual allegation of any action by Defendant Mennonite Church, USA.  At best, there is a factual allegation that Defendant Bethel College called the police to remove Plaintiff from its campus on March 17, 2018.  This occurred after Plaintiff was told he was not allowed to be at the conference by Mr. Jantzen—an employee of Defendant Bethel College.

The conflation discussed above permeates Plaintiff's Complaint.  Every time Plaintiff alleges "Sponsors" acted in some way, it is a label and legal conclusion and not a factual allegation that <u>*Defendant Mennonite Church, USA*</u> acted in some way.  Defendant Bethel College and Defendant Mennonite Church, USA are separate entities, and the actions of one is not the action of the other.  Plaintiff has not pled claims against Defendant Mennonite Church, USA that do not rely on the conflation of acts by Defendant Bethel College and acts by the "Sponsors."  In light of this conflation, Plaintiff has failed to present any facts that could potentially demonstrate Defendant Mennonite Church, USA committed any act or omission, let alone a tortious act or omission.  *See id.*  Plaintiff has failed to state a claim.

---

[2] There are multiple examples of this conflation throughout Plaintiff's Complaint.  In the interest of brevity, Defendant Mennonite Church, USA has offered this example because it is the most pertinent to the theories of liability raised by Plaintiff.

III.   *Plaintiff alleges no tortious actions by anyone who had authority to act on behalf of Mennonite Church, USA.*

The facts taken within Plaintiff's Complaint demonstrate no action or omission by any person affiliated with Defendant Mennonite Church, USA that would provide for liability. There are no statements of fact that support Defendant Mennonite Church, USA performed any action let alone a tortious action.

A corporation can only act through the actions of its officers, members, directors, or employees. *See Resolution Tr. Corp. v. Fleischer*, 890 F. Supp. 972, 976-77 (D. Kan. 1995) *citing FSLIC v. Huff*, 237 Kan. 873, 877-78, 704 P.2d 372 (1985). To prove a plausible theory of liability, Plaintiff must assert facts which make it plausible that some officer, director, member, or employee of Defendant Mennonite Church, USA acted in some tortious way. *Id.* Plaintiff does not identify any tortious action by a person associated with Defendant Mennonite Church, USA because no tortious activity occurred.

Simply asserting that Defendant Mennonite Church was a sponsor of the conference is insufficient to establish liability. In *Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1050, 934 P.2d 121, 131 (1997), the Kansas Supreme Court recognized that an organization that sponsors an event is not be liable for actions that occur at the event unless they in some way participate in the tortious actions. Defendant Mennonite Church, USA is not liable merely because it was a sponsor of the conference. Plaintiff must instead allege some specific, tortious conduct by Defendant Mennonite Church, USA. Plaintiff does not and cannot.

The alleged torts include 1) breach of contract; 2) negligent false arrest; 3) intentional false arrest; 4) defamation for calling the police; 5) defamation for calling Plaintiff a "'holocaust denier'"; 6) intentional infliction of emotional distress; and 7) negligent infliction of emotional distress. *Generally* ECF 1. The factual basis for these claims all arise from actions allegedly committed by

persons that *are not* members, officers, directors, or employees of Defendant Mennonite Church, USA.

For the breach of contract, negligent false arrest, intentional false arrest, defamation for calling the police, and intentional and negligent infliction of emotional distress claims, the factual crux of whether there was tortious activity occurred on March 16, 2018 when Mr. Jantzen told Plaintiff "'you are also out of the conference.'"  ECF 1, ¶66.  Any breach of contract or licensing agreement occurred at that time.  From that point forward, Plaintiff was not allowed to be at the conference.  There is no allegation that a person authorized to act on behalf of Defendant Mennonite Church, USA told Plaintiff he was out of the conference—only Mr. Jantzen made that claim.

Plaintiff was arrested for trespassing because he arrived at the campus on March 17, 2018, after previously being told he was out of the conference.  A false arrest requires the arrest to not have a valid foundation.  *See generally, Thurman v. Cundiff*, 2 Kan. App. 2d 406, 580 P.2d 893 (1978).  In order for the Plaintiff's arrest for trespassing to be false, Plaintiff as a matter of fact must not have been trespassing.  The fact he was told that he was not allowed at the conference is the action which establishes whether there is a foundation for his arrest or not.  Whether he was improperly arrested solely depends on whether Mr. Jantzen told Plaintiff he was not allowed at the conference and whether this fact was told to the police.  There is no plausible action by any member, director, officer, or employee of Defendant Mennonite Church, USA that supports any liability for this claim because it necessarily relies on the action of Mr. Jantzen—an employee of Defendant Bethel College.  *See Resolution Tr. Corp.*, 890 F. Supp. at 976-77.

The defamation claim for calling the police necessarily requires false information that Plaintiff was not allowed to be at the conference being transmitted to the police.  By his own admission he was told he was not allowed to be at the conference by an employee of Defendant

Bethel College. There cannot be a valid claim for defamation because any statement concerning him being not allowed to attend the conference is true. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1109-11 (10th Cir. 2017) (truth is an absolute defense to defamation). The truth or falsity of any statement to the police depends on Mr. Jantzen's statement that he was not allowed to be at the conference. Plaintiff's erroneous belief that the word trespass had to be used in order for him to not be welcome at the conference does not establish any plausible liability against Defendant Mennonite Church, USA. There is no factual allegation Defendant Mennonite Church, USA made any statement to the police, except for the erroneous and equivocal statement that the "sponsors" or someone on their behalf called the police. ECF 1, ¶¶ 82-83. As discussed above this is not a sufficient allegation of action a tortious action by Defendant Mennonite Church, USA.

The emotional distress claims also require it to be false that Plaintiff was told he was not allowed to be at the conference. Plaintiff's theory is that Defendant Bethel College intentionally and falsely had him arrested to cause emotional distress. Again, the validity of this cause of action rests on whether Plaintiff was told he was no longer allowed to be at the Conference. Plaintiff admits this occurred. There is no allegation concerning Mr. Jantzen having authority to act on behalf of Defendant Mennonite Church, USA. Plaintiff actually alleges the opposite. ECF 1, ¶ 67 ("Plaintiff did not know then and does not know now the capacity in which [Mr.] Jantzen spoke."). Plaintiff also alleges the two emotional distress claims can be based upon telling the audience there was a "'holocaust denier'" at the conference. Plaintiff alleges Mr. Thiesen made this comment. There is no factual support for a conclusion that Mr. Thiesen was acting on behalf of Defendant Mennonite Church, USA.

Plaintiff cannot prove Defendant Mennonite Church, USA had him falsely arrested, intentionally or negligently caused emotional distress, defamed him, or breached a contract or licensing agreement to be present at the conference because alleged tortious actions were not done by anyone with authority to act on behalf of Defendant Mennonite Church, USA. *See Resolution Tr. Corp.*, 890 F. Supp. at 976-77.

Turning to the second defamation claim, Plaintiff alleges Mr. Thiesen called him a "'holocaust denier.'" ECF 1, ¶ 43. This is the sole factual basis for the alleged tortious action in the second defamation claim. Plaintiff has not and cannot prove Mr. Thiesen's statement was an act on behalf of Defendant Mennonite Church, USA. There is no valid factual basis for this allegation against Defendant Mennonite Church, USA.

Plaintiff identifies no person who allegedly committed a tort who had the authority to act on behalf of Defendant Mennonite Church, USA. There is no factual allegation that any person at the conference could act on behalf of Defendant Mennonite Church, USA. Being a sponsor of an event is not sufficient in and of itself to establish tort liability. *See Gragg*, 261 Kan. at 1050.

The only "representative" of Defendant Mennonite Church, USA Plaintiff alleges was at the conference was Mr. Sharp. Plaintiff concludes Mr. Sharp was a "representative of [Defendant Mennonite Church, USA]." This is a mere legal conclusion and not a factual allegation. To be a "representative" with authority to act on behalf of Defendant Mennonite Church, USA, Mr. Sharp must be an officer, director, member, or employee of the organization. *Resolution Tr. Corp.*, 890 F. Supp. at 976-77. There is no factual allegation that Mr. Sharp was a director, officer, member, employee, or in any way could act on behalf of Defendant Mennonite Church, USA. The Court need

not accept Defendant's legal conclusion regarding the authority of Mr. Sharp to act on behalf of Defendant Mennonite Church, USA.[3]

Further, even assuming that Mr. Sharp was a representative of Mennonite Church, USA there is no allegation that he committed any tortious conduct. The only allegations identifying Mr. Sharp demonstrate that he asked Plaintiff to meet him for lunch on March 17, 2018. Setting up a lunch is not a tort, and it is not a valid factual basis for any of the theories of liability presented by Plaintiff's Complaint.

> IV. *Defendant Mennonite Church, USA adopts and incorporates Defendants Bethel College and John Thiesen's Memorandum in Support of Motion to Dismiss*

If this Court determines Plaintiff has made a threshold showing of any act by Defendant Mennonite Church, USA, Plaintiff's claims still fail.[4] In the alternative to the reasons for dismissing the claims addressed above, Defendant Mennonite Church, USA moves to join and incorporate Defendants Bethel College's and John Thiesen's Memorandum in Support of Motion to Dismiss. ECF 30. If, and only if, the Court determines Plaintiff has made a plausible showing of *any plausible tortious act* by Defendant Mennonite Church, USA, the arguments and authorities addressed by Defendants Bethel College and John Thiesen are equally applicable to the claims being made against Defendant Mennonite Church, USA. In each theory of liability, Plaintiff—albeit incorrectly—equates the actions of Defendant Mennonite Church, USA and Defendant Bethel College. If Plaintiff is incapable of demonstrating a plausible claim against Defendant Bethel College, under the same facts and theories there is no plausible claim against Defendant Mennonite

---

[3] There is a simple reason Plaintiff has not made an allegation that Mr. Sharp was a person who could act on behalf of the non-profit corporation—he could not. Mr. Sharp was formerly an employee with Defendant Mennonite Church, USA, but his employment ended in 2005.

[4] Nothing within this section shall be construed as admitting Plaintiff is capable of making such a showing.

Church, USA.  Even assuming there were actions by Defendant Mennonite Church, USA for the reasons set forth in Defendant Bethel College and Defendant John Thiesen's Memorandum in Support of Motion to Dismiss, those actions do not establish any cognizable claim.  ECF 30, PP. 4-20.  Plaintiff does not state a plausible claim against Defendant Mennonite Church, USA and all claims and prayers for relief against it should be dismissed.  *See* Fed. R. Civ. P. 12(b)(6).

V.     *Conclusion*

Plaintiff fails to state a claim for which relief can be granted against Defendant Mennonite Church, USA.  Plaintiff conflates actions of two separate entities in an attempt to assert factual support that Defendant Mennonite Church, USA acted in some tortious way.  There is no factual support for that conclusion.  Defendant Mennonite Church, USA was a sponsor of the event, but there is no support for a conclusion that any member, officer, director, or employee was present at the event or participated in any way in the alleged tortious activities.  Plaintiff's claim is fatally flawed and should not be allowed to proceed against Defendant Mennonite Church, USA.  All of Plaintiff's claims against Defendant Mennonite Church, USA should be dismissed with prejudice.

WHEREFORE, Defendant Mennonite Church, USA respectfully requests this Court grant its Motion to Dismiss, and dismiss all claims made against it with prejudice.

/s/Alan L. Rupe
Alan L. Rupe, KS# 08914
Kevin E. Miller, KS#27259
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:     (316) 609-7900
Facsimile:     (316) 462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com

*Attorneys for Defendant Mennonite Church, USA*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2019, I electronically filed the above Defendant Mennonite Church, USA's Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system, which sent notification of the filing to all attorneys of record, including Plaintiff who is proceeding *pro se* and has been permitted to receive filings through the CM/ECF system.

/s/ Alan L. Rupe
Alan L. Rupe