IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LEICHTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 6:19-cv-01064-JWB-KGG |
| v. | ) |
| | ) |
| BETHEL COLLEGE; MENNONITE CHURCH USA; CITY OF NORTH NEWTON, KANSAS; HARVEY COUNTY; LANCASTER MENNONITE HISTORICAL SOCIETY; JOHN THIESSEN; JOEL NOFZIGER; | ) |
| | ) |
| Defendants. | ) |

UNOPPOSED MOTION FOR EXTENSION OF TIME FOR RESPONSE OR
OPPOSITION TO MOTIONS OF LANCASTER MENNONITE HISTORICAL SOCIETY

Plaintiff Bruce Leichty (hereinafter "Plaintiff" or "Leichty"), Pro Se, hereby requests that the Court grant an extension until August 7, 2019 for him to file his opposition or responses to the Motions of Lancaster Mennonite Historical Society ("LMHS") to Dismiss his Complaint (ECF 22) ("LMHS Motion"), which would otherwise be due July 22, 2019 pursuant to Local Rule 6.1(d)(2), on the grounds set forth below.  Plaintiff has consulted with counsel for LMHS Kevin Weakley, and counsel for LMHS has stated that LMHS will not oppose the extension sought and furthermore that LMHS has no objection if the court effectively shortens time and grants the extension before the full 14 days provided in Rule 6.1(d)(1) for responding to this motion would run. (No representation is hereby made, however, that LMHS stipulates to all the following grounds on which Plaintiff seeks the extension).  Plaintiff seeks an extension because:

1. Plaintiff's Complaint names LMHS and Joel Nofziger as defendants in connection with a claim for defamation of Plaintiff occurring on a website known as "Anabaptist Historians" and controlled by LMHS and Nofziger. Joel Nofziger is employed by LMHS and is alleged to be the known individual whose action and inaction created the liability of LMHS. The two are represented by different law firms in this action.

2. On July 17, 2019, two days prior to the filing of this motion, Plaintiff received a combined "motion to dismiss and motion to strike" filed by Mr. Nofziger and his counsel, together with 22-page memorandum, plus other documentation (the "Nofziger Motion"), which Plaintiff has not fully reviewed or digested at this time because Plaintiff is backed up with other motions to dismiss already filed herein. (Plaintiff reserves comment on the propriety of the filing of a motion combining requests to dismiss, strike and for sanctions.) In addition to the LMHS Motion and Nofziger Motion Plaintiff has since July 3 been served with four other motions to dismiss in this case, filed by the five additional defendants named herein, creating fast-approaching deadlines of July 24 (two responses), July 26 and July 30.

3. Because the Nofziger Motion is dispositive in nature, Plaintiff's response to that motion is due 21 days after its filing, or August 7, 2019. Plaintiff by this motion simply seeks a deadline to respond to the LMHS Motion that is coterminous with the August 7 deadline. Plaintiff is not seeking any extension with regard to the Nofziger Motion or any of the other motions on file herein other than the LMHS motion, nor does he intend to. When Plaintiff consulted counsel for LMHS about agreeing to an extension he still was able to meet his deadlines for responding to the LMHS motion and all other other pending motions, although Plaintiff is admittedly burdened by the workload involved in meeting six deadlines on dispositive

motions falling within a period of about two weeks, which he respectfully asserts is one valid reason for a single extension.

4. As set forth in the Complaint, the liability of LMHS and liability of Nofziger are linked and the allegations made against them are virtually identical, and the allegations against those two defendants are more similar to each other than those made against the other defendants although there are certain common operative facts (to be briefed in Plaintiff's oppositions). This is the main reason, prompted by his just having received the Nofziger Motion, that Plaintiff wishes to coordinate his responses / oppositions to these two motions (the LMHS Motion and Nofziger Motion), and as part of that reasoning he wishes to avoid having to respond to the LMHS motion 16 days before his response to the Nofziger Motion is due.

5. As noted, Plaintiff has consulted with Kevin Weakley, Wallace Saunders, Chartered, counsel for LMHS which is the only party affected by this motion.

6. Plaintiff has not previously requested or received any extension in this case.

7. The relevant "act first due" as defined in Rule 6.1(a)(2) is July 22, 2019, and this motion is being filed before that date, on July 19, 2019. Plaintiff has not been neglectful of any of his responsibilities herein.

8. None of the defendants named in this action have answered the Complaint.

9. Pursuant to Rule 7.1(a)(1), no Memorandum is required to support this motion since the motion is unopposed by LMHS.

10. A proposed order is being served on all parties to this action and submitted to Magistrate Judge Kenneth G. Gale concurrently with the electronic filing of this motion, pursuant to Rule 7.1(b).

WHEREFORE, Plaintiff requests that the time for responding to the LMHS Motion as

otherwise established by Rule 6.1(d)(2) be extended, for a period that amounts to 16 days, and that Plaintiff be granted until August 7, 2019 to file his opposition or response to the Motions of LMHS (ECF 22).

                                   Respectfully submitted by,

                                   /s/ Bruce Leichty

                                   Bruce Leichty, In Pro Per
                                   c/o Bruce Leichty, A Prof. Corp.
                                   220 W. Grand Ave.
                                   Escondido, CA 92025
                                   Phone: (760) 484-2467
                                   Fax: (951) 676-7462
                                   leichty@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2019, the foregoing was filed with the Clerk of the Court of the Kansas District Court using the CM/ECF system which will send notice of electronic filing to all counsel of record whose e-mail addresses are of record, which are also identified below.

Eric A. Van Beber
Kevin D. Weakley
Wallace Saunders, Chartered
10111 W. 87th St.
Overland Park, KS 66212
Phone: 913-888-1000
Fax: 913-888-1065
evanbeber@wallacesaunders.com
kweakley@wallacesaunders.com
Attorneys for Lancaster Mennonite Historical Society

[continued]

Tracy M. Hayes
Robert M. Reynolds
Sanders Warren Russell & Scheer LLP
430 Corporate Woods
9401 Indian Creek Parkway, Ste. 1250
Overland Park, KS 66210
Phone: 913-234-6100
Fax: 913-234-6199
t.hayes@swrsllp.com
r.reynolds@swrsllp.com
Attorneys for City of North Newton, Kansas

Scott E. Sanders
McDonald Tinker PA
300 W. Douglas, Ste. 500
Wichita, KS 67202
Phone: 316-263-5851
Fax: 316-263-4677
ssanders@mcdonaldtinker.com
Attorneys for Bethel College and
John Thiessen aka John Thiesen

Alan L. Rupe
Kevin E. Miller
Lewis Brisbois Bisgaard & Smith, LLP
1605 N. Waterfront Parkway, Ste. 150
Wichita, KS 67206
Phone: 316-609-7900
Fax: 316-462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com
Attorneys for Mennonite Church USA

Thomas P. Schult
Jennifer B. Wieland
Berkowitz Oliver LLP
2600 Grand Boulevard, Ste. 1200
Kansas City, MO 64108
Phone: 816-561-7007
Fax: 816-561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com
Attorneys for Joel Nofziger

[continued]

Kelsey N. Frobisher
Foulston Siefkin LLP
1551 North Waterfront Parkway
Suite 100
Wichita, KS 67206-4466
Phone: 316-291-9718
Fax: 866-478-9553
kfrobisher@foulston.com
Attorneys for County of Harvey

Toby Crouse
Crouse, LLC
11185 Antioch, Suite 253
Overland Park, Kansas 66210
tcrouse@crousellc.com
Attorneys for County of Harvey