**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRUCE LEICHTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 6:19-cv-01064-JWB-KGG** |
| **vs.** | ) | |
| | ) | |
| **BETHEL COLLEGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF NORTH NEWTON, KANSAS' REPLY IN SUPPORT OF MOTION TO DISMISS**

COMES NOW the City of North Newton, Kansas (hereinafter "Defendant City"), by and through undersigned counsel, and provides the following Reply in Support of its Motion to Dismiss [Doc. 24]:

**A. Plaintiff's Fourth Cause of Action against Defendant City fails as a matter of law as Plaintiff failed to provide Defendant City of North Newton, Kansas with notice of claims as required by the Kansas Tort Claims Act**

In Plaintiff's Response to Defendant City's Motion to Dismiss, Plaintiff admits he failed to comply with K.S.A. 12-105b. *See* Doc. 46. Therefore, this admission alone subjects Plaintiff's Fourth Cause of Action to dismissal.

Plaintiff attempts to argue that K.S.A. 12-105b is no longer enforced by this Court based on an unrelated case, *Lincoln v. BNSF Railway Company,* 900 F.3d 1166 (10th Cir. 2018). However, *Lincoln* did not involve any claims against a municipality or the application of K.S.A. 12-105b. Further, Plaintiff is incorrect that since 2018 this Court or the 10th Circuit have failed to enforce the requirements of K.S.A. 12-105b. *See generally Harewood v. Cloud County Cmty. Coll.*, 18-4075-SAC, 2019 WL 2717165, at *3 (D. Kan. June 28, 2019); *United States ex rel. Coffman v. City of Leavenworth, Kansas*, 303 F. Supp. 3d 1101, 1132 (D. Kan. 2018); *United*

*States ex rel. Coffman v. City of Leavenworth, Kansas*, 770 Fed. Appx. 417 (10th Cir. 2019).

Finally, as a last ditch attempt to avoid dismissal for failing to comply with K.S.A. 12-105b, Plaintiff has attempted to send correspondence to comply with the statute *after* suit was filed.[1] However, as this Court again recently held, the requirement of compliance with K.S.A. 12-105b is "a statutory **condition precedent** that must be met **before** a court has subject matter jurisdiction over a claim against a municipality under the Kansas Tort Claims Act." *Harewood v. Cloud County Cmty. Coll.*, 18-4075-SAC, 2019 WL 2717165, at *4 (D. Kan. June 28, 2019) (citation omitted) (emphasis added). "This requirement cannot be waived to give a court subject matter jurisdiction over a prematurely filed lawsuit." *Id.* (citation and quotation omitted).

Simply put, because Plaintiff failed to comply with K.S.A. 12-105b *prior* to filing this lawsuit, this Court lacks subject matter jurisdiction and the case must be dismissed. Further, Plaintiff's arguments regarding the expiration of the statute of limitations are unavailing as K.S.A. 12-105b explicitly provides for an *extension* of the statute of limitations if it had been complied with. *See* K.S.A. 12-105b(d).[2] Plaintiff failed to do so and this claim must be dismissed as this Court lacks subject matter jurisdiction.

Therefore, as Plaintiff failed to comply with K.S.A. 12-105b, this court lacks subject matter jurisdiction over these claims and Plaintiff's Fourth Cause of Action as to Defendant City must be dismissed.

**B. In the alternative, Plaintiff's Fourth Cause of Action against Defendant City fails as a matter of law as it fails to state a claim upon which relief can be granted for false arrest and imprisonment**

---

[1] It is also important to note this notice fails as it is dated *after* the expiration of the 1 year statute of limitations. K.S.A. 60-514(b)

[2] K.S.A. 12-105b(d) states in relevant part: "No person may initiate an action against a municipality or against an employee of a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, **except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action**."

In the alternative, Plaintiff's state tort claims against Defendant City related to his arrest and imprisonment should be dismissed based on failure to state a claim upon which relief can be granted. In his Response, Plaintiff attempts to argue that he has alleged that Defendant City arrested him "without legal excuse." Doc. 46, p. 16. However, as argued in Defendant City's Motion, that is not what has been alleged.

Based on Plaintiff's own allegations, he was told by Mark Jantzen that he was no longer permitted at the college for the conference. Doc. 1, ¶ 66. Yet, Plaintiff returned the next day and police were contacted by the college regarding him trespassing on private property. Doc. 1, ¶ 78. K.S.A 21-5808(a)(1)(A) clearly defines in relevant part that such factual allegations by Plaintiff support probable cause for trespassing:

> (a) Criminal trespass is entering or remaining upon or in any:
>
> > (1) Land, nonnavigable body of water, structure, vehicle, aircraft or watercraft **by a person who knows such person is not authorized or privileged to do so**, and:
> >
> > > (A) Such person enters or **remains therein in defiance of an order not to enter or to leave such premises** or property personally communicated to such person by the owner thereof or other authorized person;

K.S.A. 21-5808 (emphasis added).

Plaintiff remained upon land that he was asked to leave by Mark Jantzen. Plaintiff knew he had been told he was not to return to the conference. When he failed to comply, Defendant City was contacted and placed him under arrest.

Further, as argued in Defendant City's motion, Defendant City and the officers would be immune from liability under K.S.A. 75-6104(c) as they were "a governmental entity or an employee acting within the scope of the employee's employment . . . resulting from enforcement of . . . a law, whether valid or invalid, including, but not limited to, any statute, rule and

regulation, ordinance or resolution" and K.S.A. 75-6104(e) as the claims by Plaintiff are "based upon the exercise or performance . . . of a discretionary function or duty on the part of a governmental entity or employee[.]" Plaintiff attempts to make a convoluted argument that Defendant would not be protected by this immunity. However, case law in Kansas is clear that the decision to arrest someone is a discretionary function. *See Mendoza v. Reno County*, 235 Kan. 692, Syl. 1, 681 P.2d 676, 676 (1984) (holding that "Officers making a warrantless arrest with probable cause are immune from liability for false arrest under the Kansas Tort Claims Act.").

Therefore, as the officer had probable cause to arrest Plaintiff and are immune from liability pursuant to K.S.A. 75-6104, Plaintiff's Fourth Cause of Action fails and should be dismissed for failure to state a claim upon which relief can be granted.

**C. Plaintiff's attempt to make a new claim for "intentional tort of infliction of emotional distress" should be dismissed as improper**

In Plaintiff's Response to the Motion to Dismiss, Plaintiff for the first time attempts to argue that the Fourth Cause of Action is *also* attempting to state a claim for the "intentional tort of infliction of emotional distress".[3] This claim should be dismissed, to the extent it is being alleged, as it is not properly plead.

As an initial matter, this matter fails as an employer cannot be held responsible for the intentional actions of its employees and Plaintiff has not plead any allegations against the City itself, just the arresting officers. *See Anspach v. Tomkins Industries, Inc.*, 817 F.Supp. 1499, 1506 (D. Kan. 1993).

Further, Plaintiff's Complaint is completely devoid of any factual allegations that would

[3] It should be noted that in the Complaint, the Fourth Cause of Action is listed as "FOURTH CAUSE OF ACTION MONEY DAMAGES AND DECLARATORY RELIEF FALSE ARREST AND FALSE IMPRISONMENT CITY OF NORTH NEWTON & HARVEY COUNTY". Doc. 1, p. 29.

support a claim for intentional infliction of emotional distress. "Liability under this tort arises when a person engages in extreme and outrageous conduct and thereby intentionally or recklessly causes severe emotional distress to the plaintiff." *Gudenkauf v. Stauffer Communications, Inc*., 922 F. Supp. 461, 463 (D. Kan. 1996) (citation and quotation omitted).

To recover on such a claim, the plaintiff must prove:

> (1) The conduct of the defendant must be intentional; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress must be extreme and severe.

*Id*. at 463-464 (citation and quotation omitted). Plaintiff has not alleged any facts against Defendant City that could be found to show conduct by the City that was "extreme and outrageous."

Plaintiff also has not alleged any facts that could be construed to include extreme and severe mental distress. "Emotional distress passes under various names such as mental suffering, mental anguish, and nervous shock, and includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, embarrassment, anger, chagrin, disappointment, and worry." *Balmer Fund, Inc. v. City of Harper*, 294 F. Supp. 3d 1136, 1151–52 (D. Kan. 2018) (citation and quotation omitted). "Liability for intentional infliction of emotional distress, however, may only attach when emotional distress is extreme." *Id.* Conclusory recitation of the elements of "intentional infliction of emotional distress," including a claim that Plaintiff suffered from "extreme emotional distress" is insufficient to state a claim. *Id.*

Here, Plaintiff has not come close to stating a claim for intentional inflection of emotional distress, and any attempt to do so must be dismissed for failure to state a claim upon which relief can be granted.

**D. Plaintiff's Tenth Cause of Action fails to state a claim against Defendant City of**

**North Newton, Kansas under § 1983**

In Plaintiff's Response to the Motion to Dismiss, Plaintiff attempts to argue that he alleged sufficient "policies and customs" by adding the words "policy" or "custom" in front a number of statements summarizing his claims. *See* Doc. 46.[4] However, as argued in Defendant City's Motion to Dismiss, labels, conclusions, and "formulaic recitation of the elements" do not satisfy the standard for stating a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1958-59 (2007); *Harara v. Landamerica Financial Group, Inc.,* 2007 WL 2938172 at *4 (N.D. Cal. Oct. 9, 2007) (quoting *Bell Atlantic*, 550 S.Ct. 544).

Further, as Plaintiff has pointed to no specific policy of Defendant City, it appears he is attempting to rely on a claim of a "custom" of Defendant City. However, this claim must fail. To establish a custom for purposes of Section 1983 liability, Plaintiff must be able to show "(1) a **continuing, widespread, and persistent pattern** of misconduct by the state; (2) deliberate indifference to or tacit authorization of the conduct by policy-making officials after notice of the conduct; and (3) a resulting injury to the plaintiff. *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1125 (10th Cir. 2008) (emphasis added) (citation omitted). As Plaintiff has not plead any "continuing, widespread, and persistent pattern" of alleged misconduct, he cannot establish a custom of Defendant City. Simply put, one alleged "bad act" by Defendant City employees does not create a custom upon which Section 1983 liability can be

---

[4] In fact, for one of the "policy or custom" that Plaintiff seems to be arguing exists, Plaintiff is alleging it was not in fact followed:

> In arresting him on March 17, 2018, the City of North Newton ("City") was acting on a policy or custom as described to Plaintiff earlier that morning that if its police were called to the scene of an alleged trespass at the campus, the alleged offender would be given an opportunity to leave without risk of arrest, upon penalty of arrest if he were to return.

Doc. 46, pp. 2-3. It is unclear how Plaintiff is attempting to argue that an allegedly unconstitutional policy that was not followed caused Plaintiff to be damaged.

asserted.[5]

Plaintiff next appears to assert that the custom/policy that he is alleging is at issue is that the Defendant City's officers chose to believe the "narratives of one of its largest citizens" as opposed to the "alleged offender." Doc. 46, p. 28. However, this claim is boarding on the absurd when Plaintiff himself admits that he was told not to return to the conference.

Plaintiff's Complaint does not contain any allegations regarding any policy or custom of Defendant City and cannot show a constitutional violation. Therefore, Plaintiff's Tenth Cause of Action as it relates to Defendant City must be dismissed for failure to state a claim upon which relief can be granted.

**E. Plaintiff's attempt to argue for leave to file an Amended Complaint should be denied**

Throughout Plaintiff's Response to the Motion to Dismiss Plaintiff requests leave to file an Amended Complaint in response to the Motion to Dismiss. *See* Doc. 46. However, Plaintiff has not complied with D. Kan. Rule 15.1 and therefore his request must be denied.

Further, Plaintiff's repeated request for the Court to overlook his failure to comply with this Court's Rules and Kansas statutory requirements should also be denied. First and foremost, Plaintiff is a licensed attorney. Although he may not be licensed in the State of Kansas, he is licensed and knows that there are statutory and court requirements that must be followed.

Further, even if he was not a licensed attorney, as a pro se Plaintiff, he is still required to follow the Court's rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 2002) (holding that *pro se* litigants are subject to and must follow procedural rules governing all litigants).

Finally, as it relates to the state tor claims, as argued above, this Court lacks subject matter jurisdiction to grant any motion to amend or stay as requested by Plaintiff in his

---

[5] Defendant City denies that any such "bad act" occurred.

Response.

Therefore, until Plaintiff complies with this Court's rules regarding a Motion for Leave to Amend, Plaintiff's request should be denied.

## VI. CONCLUSION

WHEREFORE, Defendant City of North Newton, Kansas, requests an Order from this Court dismissing Plaintiff's Complaint [Doc. 1] as it relates to the claims against it, and for such other relief as is just and necessary.

Respectfully submitted,

*/s/ Tracy M. Hayes*
Tracy M. Hayes KS #23119
Robert M. Reynolds KS #27703
SANDERS WARREN RUSSELL & SCHEER LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210
Phone: 913-234-6100
Fax: 913-234-6199
t.hayes@swrsllp.com
r.reynolds@swrsllp.com
***Attorneys for the City of North Newton, Kansas***

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 12th day of August, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

Bruce Leichty
BRUCE LEICHTY, A P.C.
220 W. Grand Avenue
Escondido, CA 92025
Phone: 760-484-2467
Fax: 951-676-7462
leichty@sbcglobal.net
***PRO SE* PLAINTIFF**

Scott E. Sanders
Corey M. Adams
MCDONALD TINKER PA
300 W. Douglas, Suite 500
Wichita, KS 67202
Phone: 316-263-5851
Fax: 316-263-4677
ssanders@mcdonaldtinker.com
cadams@mcdonaldtinker.com
**ATTORNEYS FOR BETHEL COLLEGE AND JOHN THIESEN**

Thomas P. Schult
Jennifer B. Wieland
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Phone: 816-561-7007
Fax: 816-561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com
**ATTORNEYS FOR JOEL NOFZIGER**

Jay P. Lefkowitz, P.C.
Joseph Myer Sanderson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Phone: 212-446-4800
Fax: 212-446-4900
lefkowitz@kirkland.com
joseph.sanderson@kirkland.com
***PRO HAC VICE* FOR JOEL NOFZIGER**

Alan L. Rupe
Kevin E. Miller
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206
Phone: 316-609-7900
Fax: 316-462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com
**ATTORNEYS FOR MENNONITE CHURCH, USA**

*/s/ Tracy M. Hayes*
Attorney