UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LEICHTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:19-cv-01064-JWB-KGG |
| vs. | ) |
| | ) |
| BETHEL COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CITY OF NORTH NEWTON, KANSAS' RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

COMES NOW the City of North Newton, Kansas (hereinafter "Defendant City"), by and through undersigned counsel, and provides the following Response in Opposition to Plaintiff's Request for Judicial Notice of Plaintiff in Support of Opposition to Motion to Dismiss of Defendant City of North Newton, Kansas [Doc. 47]:

Plaintiff has requested that the Court take judicial notice of three facts relating to the population of the City of North Newton in 2017, the enrollment at Bethel College and correspondence Plaintiff sent to Defendant on July 17, 2019. Defendant City objects to the Court taking judicial notice of these three "facts".

In his request, Plaintiff cites to "Federal Rule of Evidence 201(b)(1) and (2) and (c)(1) and (2)" in support of his request. Federal Rule of Evidence 201 states in relevant part:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from **sources whose accuracy cannot reasonably be questioned**.
>
> **(c) Taking Notice. The court:**
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(emphasis added).

"Although it is within the court's discretion to take notice of particular facts because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Donaldson v. United States Dep't of Treasury*, 17-1213-EFM-GEB, 2018 WL 1116675, at *2 (D. Kan. Mar. 1, 2018) (citation and quotation omitted). "Judicial notice permits a judge to accept a matter as proved without requiring the party to offer evidence of it. Because taking judicial notice removes a party's evidentiary burden, the doctrine demands that a court only notice **matters that are verifiable with certainty**." *Id.* (emphasis added) (citation and quotation omitted).

For the first two "facts" Plaintiff is requesting judicial notice, Plaintiff has not provided the source of the alleged "fact". Instead, he has merely stated that he did an online search using certain search terms. Doc. 47. Without citation to a specific source, Plaintiff has failed to show that the information is "verifiable with certainty".

In addition, the first two facts that Plaintiff is requesting judicial notice are irrelevant to the issues in this case. Plaintiff's arrest occurred in March 2018 [Doc. 1]; therefore, the population of the City of North Newton in 2017 is not relevant. Plaintiff has not even provided the alleged timeframe for the enrollment of "about 500" for Bethel College.

As to the third fact, Plaintiff appears to be attempting to request judicial notice of this correspondence in an attempt to circumvent this Court's rules related to filing an amended pleading. This request should be denied and Plaintiff should be required to comply with the Court's rules for amendment.

Finally, as argued in Defendant City's Reply in Support of its Motion to Dismiss [Doc. 58], which is incorporated by reference, these alleged "facts" are irrelevant to the issues before the Court at this time. Therefore, this request should be denied.

WHEREFORE, based on the above and foregoing, Defendant City of North Newton, Kansas, requests and Order from this Court denying Plaintiff's Request for Judicial Notice [Doc. 47].

Respectfully submitted,

/s/ Tracy M. Hayes
Tracy M. Hayes			KS #23119
Robert M. Reynolds		KS #27703
SANDERS WARREN RUSSELL & SCHEER LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS  66210
Phone: 913-234-6100
Fax: 913-234-6199
t.hayes@swrsllp.com
r.reynolds@swrsllp.com
**ATTORNEYS FOR CITY OF NORTH NEWTON, KANSAS**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 12th day of August, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

Bruce Leichty
BRUCE LEICHTY, A P.C.
220 W. Grand Avenue
Escondido, CA  92025
Phone: 760-484-2467
Fax: 951-676-7462
leichty@sbcglobal.net
**PRO SE PLAINTIFF**

Scott E. Sanders
Corey M. Adams
MCDONALD TINKER PA
300 W. Douglas, Suite 500
Wichita, KS  67202
Phone: 316-263-5851
Fax: 316-263-4677
ssanders@mcdonaldtinker.com
cadams@mcdonaldtinker.com
**ATTORNEYS FOR BETHEL COLLEGE AND JOHN THIESEN**

Thomas P. Schult
Jennifer B. Wieland
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO  64108
Phone: 816-561-7007
Fax: 816-561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com
**ATTORNEYS FOR JOEL NOFZIGER**

Jay P. Lefkowitz, P.C.
Joseph Myer Sanderson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Phone: 212-446-4800
Fax: 212-446-4900
lefkowitz@kirkland.com
joseph.sanderson@kirkland.com
**PRO HAC VICE FOR JOEL NOFZIGER**

Alan L. Rupe
Kevin E. Miller
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1605 North Waterfront Parkway, Suite 150
Wichita, KS  67206
Phone: 316-609-7900
Fax: 316-462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com
**ATTORNEYS FOR MENNONITE CHURCH, USA**

                          */s/ Tracy M. Hayes*
                          Attorney