IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LEICHTY,<br><br>           Plaintiff,<br><br>v.<br><br>BETHEL COLLEGE, MENNONITE CHURCH USA, CITY OF NORTH NEWTON, KANSAS, HARVEY COUNTY, LANCASTER MENNONITE HISTORICAL SOCIETY, JOHN THIESEN, and JOEL NOFZIGER,<br><br>           Defendants. | Case No.: 6:19-CV-01064-JWB-KGG |

**DEFENDANT MENNONITE CHURCH, USA'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Bruce Leichty ("Plaintiff") has attempted to avoid his claims being dismissed by making long winded, bolded and repetitive self-declarations concerning allegations in his Complaint that do not alter established Kansas law or demonstrate valid claims against Defendant Mennonite Church, USA. Plaintiff's Complaint fails to state a valid cause of action against Defendant Mennonite Church, USA because Plaintiff's allegations concerning "representatives" do not rise to the level of establishing a plausible claim for vicarious liability. Without any type of agency or employment relationship alleged, vicarious liability cannot be established. Sponsorship of an event is likewise insufficient to establish liability. Defendant Mennonite Church, USA also demonstrated, through its Memorandum in Support, that any amendment to Plaintiff's claims would be futile. Plaintiff will not be able to allege facts necessary to establish a claim for vicarious liability because such facts do not exist. His claims against Defendant Mennonite Church, USA must be dismissed with prejudice.

4831-8455-6704.2

**ARGUMENTS AND AUTHORITIES**

I.   *Plaintiff fails to plead sufficient facts to establish vicarious liability against Defendant Mennonite Church, USA*

In his responsive briefing, Plaintiff states that "representative" is synonymous with agent or employee for the purpose of vicarious liability. (Doc. 49, p. 20). Further, Plaintiff argues he "alleged that both [Defendant Mennonite Church, USA] and Bethel were involved in all of the wrongs he suffered, and there is no basis to question the plausibility of the involvement of both. . . ." (Doc. 49, p. 16). There is not only a basis to question the plausibility of his claims but a valid basis to deny it entirely.

Plaintiff relies upon vicarious liability to assert his claims against Defendant Mennonite Church, USA. (Doc. 49, p. 19) Vicarious liability, through a claim of *respondeat superior*, can be asserted against either an employer or a principal through the acts of their respective employees or agents. In order to state a claim for *respondeat superior*, there must be a cognizable claim that a person is either an employee or agent of an employer or principal. *See Chambers v. Simon Prop. Grp., L.P.,* No. 12-1179-EFM, 2013 U.S. Dist. LEXIS 66631, at *14 (D. Kan. May 9, 2013). Plaintiff's allegations in his claim fail to establish facts which support either theory and instead Plaintiff tries to conflate the actions of purported employees/agents of third parties, *i.e.* Defendant Bethel College, as actions of Defendant Mennonite Church, USA. Plaintiff fails to allege *any actions* of an agent or employee of Defendant Mennonite Church, USA and instead alleges there were actions of "representatives" of "sponsors." Plaintiff's Complaint is deficient concerning Defendant Mennonite Church, USA because there are **zero factual allegations** that Defendant Mennonite Church, USA was either an employer or principal over any of the alleged actors.

Plaintiff does not assert any employment relationship between the alleged actors in his complaint and Defendant Mennonite Church, USA. *See generally* (Doc. 1). Plaintiff attempts to

allege an agency relationship for the purpose of *respondeat superior* liability. To support his position, Plaintiff argues "'representative' is essentially a synonym for agent." (Doc. 49, 20). **It is not**. Agent is a defined term having a specific legal meaning; whereas, representative is an amorphous term with no cognizable legal meaning. Whether a person is an agent of an organization is a legal conclusion, not a factual assertion. To sufficiently plead an agency relationship, a plaintiff must plead factual support for the conclusion that a person had actual or apparent authority to act on behalf of a principal. *Vestring v. Halla*, 920 F. Supp. 2d 1189, 1192 (D. Kan. 2013). Merely alleging a person is a "representative" does not make a sufficient factual pleading that would make such a claim plausible. This Court need not accept Plaintiff's conclusory statements. This Court must consider whether there are sufficient facts pled to establish a plausible claim that Defendant Mennonite Church had an agency relationship with any of the alleged actors. *See Id.*

Kansas case law has relied upon the Third Restatement of Agency to determine whether a principal/agent relationship exists. *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 955, 335 P.3d 1178, 1188 (2014). In *Golden Rule*, the Court quoted the Third Restatement in defining agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') *that the agent shall act on the principals behalf and subject to the principal's control*, and the agent manifests assent or otherwise consents so to act." *Id.* (Emphasis added). Nowhere in Plaintiff's Complaint is there any factual allegation that could potentially be construed as any person who allegedly acted had received assent from Defendant Mennonite Church, USA to act on its behalf or was subject to its control. *See id.* Plaintiff's conflation of these persons as "representatives of sponsors" does not establish the facts necessary to establish a plausible claim anyone was an "agent" of Defendant Mennonite Church, USA. *See Halla*, 920 F. Supp. 2d at 1192.

Plaintiff does not allege any facts that would support an actual agency relationship between anyone at the conference and Defendant Mennonite Church, USA.[1]

One purported reason Plaintiff puts forth for Mr. Jantzen and Mr. Theisen being "representatives" of Defendant Mennonite Church, USA is that they are members of congregations associated with Mennonite Church, USA.  (Doc. 49, p. 21).  This contention is ridiculous and demonstrates there is no agency relationship here.  Being a member of a church does not make one a "representative" of that church and certainly does not make them an agent with authority to bind that church.  Assuming for the sake of argument that being a member of a congregation could make one a "representative" of Defendant Mennonite Church, USA, Plaintiff himself alleged he is a member of such a congregation.  Following his erroneous logic, he could be a "representative" of Mennonite Church, USA and establish potential liability for Defendant Mennonite Church, USA through his own actions.  <u>Plaintiff does not have consent or authority to bind Mennonite Church, USA and is not its agent</u>.  Plaintiff's erroneous argument demonstrates the need for him to sufficiently plead a legally cognizable agency relationship—which he has not and cannot do.

Being a sponsor of an event does not mean you are liable for actions that occur at that event. *See Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1050, 934 P.3d 121, 131 (1997).  Plaintiff has provided no support for his contention that Defendant Mennonite Church, USA can be held liable merely because it sponsored the event when there is no factual allegation supporting an employment or agency relationship with an actor at the event.[2]  Under Plaintiff's theory of liability against Defendant Mennonite Church, USA he must plead some type of agency relationship.  He fails to do

---

[1] In contrast, Plaintiff alleged the contrary, *i.e.* that he did not know under what authority some of the actors acted.

[2] Defendant Mennonite Church, USA found no Kansas case law or case law from other jurisdictions in which a sponsor was liable for the actions of other sponsors because of their position as a sponsor.

so.  He only attempts to plead some type of relationship by claiming Mr. Jantzen, Mr. Theisen, and Mr. Sharp are "representatives" of the sponsors without providing *any factual allegation to support this claim.*[3]  Plaintiff's Complaint does not have the "heft" necessary to elevate his claims from possible to plausible.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1995 (2007).  His claims against Defendant Mennonite Church, USA fail and must be dismissed.

Plaintiff further states Defendant Mennonite Church, USA has "made a number of other not-so-surreptitious attempts to improperly place before the Court facts which are nowhere found in the Complaint." (Doc. 19, p 23).  Nowhere in the Memorandum in Support does Defendant Mennonite Church, USA argue that these facts are support for a conclusion that the claims alleged were implausible.[4]  Defendant Mennonite Church, USA only offered these facts to demonstrate that dismissing the claims with prejudice is the proper remedy.  Any amendment to add a claim related to agency would be futile based upon the facts presented in Defendant Mennonite Church, USA's Memorandum in Support. (Doc. 35).

> II.  *Assuming, for the sake of argument, Plaintiff's Complaint sufficiently pleads an apparent agency, his claims fail because no valid causes of action are stated*
>
>> i.  <u>The Court should consider the arguments and authorities raised in relation to the Motion to Dismiss against Defendant Bethel College and Mr. Theisen when determining to dismiss the claims raised against Defendant Mennonite Church, USA.</u>

Defendant Mennonite Church, USA, for the purpose of conserving judicial resources, joined and incorporated Defendant Bethel College's Memorandum in Support of its Motion to Dismiss.  Defendant Mennonite Church, USA has no objection to the Court considering Plaintiff's Opposition (Doc. 48) to that motion when considering Defendant Mennonite Church, USA's Motion to Dismiss.

---

[3] Plaintiff fails to make these allegation because no such factual support exists.

[4] Defendant Mennonite Church, USA has urged and continues to urge the Court to not consider these facts in assessing the merits of the Motion to Dismiss.

In considering whether to dismiss the claims against Defendant Mennonite Church, USA, the Court should also consider the arguments raised by Defendants Bethel College and Mr. Theisen in their Reply in Support of their Motion to Dismiss. (Doc. 60). The arguments raised therein apply equally to the claims raised by Defendant Mennonite Church, USA. Except, to the extent that Defendant Bethel College and Mr. Theisen have admitted to Mr. Theisen calling Plaintiff a Holocaust denier, Defendant Mennonite Church, USA does not admit this fact. At this point, the Court must accept that factual allegation as true; however, Defendant Mennonite Church, USA does not admit Mr. Theisen ever called Plaintiff a "Holocaust denier."

### ii. The specific claims raised against Defendant Mennonite Church, USA are without merit.

Plaintiff's claims fail for a variety of reasons. For the false arrest claim, Plaintiff cannot overcome the indisputable conclusion that Defendant Bethel College had a reasonable belief and probable cause to call the police to effectuate his arrest upon its belief that a crime had been committed. The lack of probable cause to incite an arrest is an essential element of Plaintiff's false arrest claim. *Van Cleave v. City of Marysville*, No. 01-2233-CM, 2003 U.S. Dist. LEXIS 429, at *8 (D. Kan. Jan. 8, 2003). Plaintiff was told that he was "out of the conference," yet he returned to the location of the conference anyway. Whether Plaintiff believed he could be on Bethel College's campus or had some right to return to the conference after specifically being told he could not is irrelevant. The question is whether Bethel College had a reasonable belief that a trespass had been committed—they did. Reporting a potential violation of law cannot give rise to a claim for false arrest. *See Thurman v. Cundiff*, 2 Kan. App. 2d 406, 580 P.2d 893, 898 (1978). Based on the facts as pled, no reasonable juror could conclude that Bethel College or the police lacked probable cause for a trespass occurring. There is not a plausible false arrest claim pled.

For the defamation claim, Defendant Mennonite Church, USA will focus on the claim arising from the allegedly defamatory statements given to the police. Plaintiff's claim fails to state a valid claim, because a report to the police of suspected criminal activity is a privileged communication. A person who has a good faith belief that a crime is being committed is entitled to a qualified privilege for reporting their belief that a crime is being committed. *Smith-Utter v. Kroger Co.*, No. 07-1213-EFM, 2009 U.S. Dist. LEXIS 25459, at *12-15 (D. Kan. Mar. 24, 2009). Because Plaintiff had been told he was out of the conference a report of suspected trespassing was done in good faith. Defendant Bethel College's reporting of the suspected crime is privileged, and Plaintiff's Complaint is insufficient to establish plausible liability for defamation.[5]

Turning to the infliction of emotional distress claims, Plaintiff's allegations are insufficient to establish any liability. For the negligent infliction of emotional distress claim, Plaintiff does not allege physical complications arising from his emotional distress. Plaintiff relies upon physical pain from this handcuffing to support this element. This is contrary to established Kansas law. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 628, 349 P.3d 1283, 1285 (2015) ("The qualifying physical injury 'must directly result from the emotional distress allegedly caused by the defendant's negligence and must appear within a short span of time after the emotional disturbance.' (Citation omitted)"). According to Kansas law, the physical component must directly result from the emotional distress. Being handcuffed is not a symptom arising from emotional distress. Plaintiff's claim fails and must be dismissed.

For the intentional infliction of emotional distress claim, Plaintiff does not allege sufficiently severe conduct from which a reasonable person could possibly conclude outrageous conduct. See

---

[5]Plaintiff's defamation claim against Mr. Theisen fails for the reasons stated in (Doc. 30). Further, as discussed above there is no sufficient pleading that supports Mr. Theisen being an agent or employee of Defendant Mennonite Church, USA, so this claim must fail.

*Lovitt v. Board of County Com'rs of Shawnee County*, 43 Kan. App. 2d 4, 14, 221 P.3d 107 (2009) (finding that 911 operator's accusation that a child was lying about an auto accident and refusing to send assistance were insufficient to support a claim for outrage); *Ferguson v. Kellstadt*, 175 P.3d 281, 2008 WL 307488 (Kan. App. 2008) (finding that nurse practitioner's actions in informing a patient that the patient had advanced throat cancer without conducting any tests other than a visual inspection was insufficient to support a claim for outrage even though the "cancerous lesions" the nurse observed turned out to be food stuck to the patient's throat); *Neufeldt v. L.R. Foy Const. Co., Inc.*, 236 Kan. 664, 693 P.2d 1194 (1985) (finding that Defendant's criminal act of telephoning Plaintiff's business to falsely advise a sheriff had an arrest warrant ready to serve due to an insufficient funds check, and that a sheriff was looking for the plaintiff to arrest him was insufficient to state a claim for tort of outrage); and *Bradshaw v. Swagerty*, 1 Kan.App.2d 213, 563 P.2d 511 (Kan. App. 1977) (finding Defendant's use of epithets, calling Plaintiff, a young black man, [the N-word], a "bastard," and a "knot-headed boy," did not state a claim for the tort of outrage).  In the cases cited above, the Courts found the respective conduct was not outrageous.  If calling a young black man the N-word is not sufficient to establish a claim for intentional infliction of emotional distress, allegedly stating a person denies the Holocaust cannot be the basis for such a claim.  *See Swagerty*, 1 Kan. App. 2d at 215.[6]  Reporting a suspected trespasser cannot satisfy extreme or outrageous conduct either.  Here, the alleged facts of Plaintiff's claim of intentional infliction of emotional distress do not nearly reach the standard necessary to establish an intentional infliction of emotional distress claim and falls well below what a reasonable person would consider outrageous.

---

[6]Regardless of Plaintiff's claim that being called a Holocaust denier is "one of the most damning slurs that can be used against a person in contemporary United States parlance." (Doc. 1, ¶48).

Calling the police on a suspected trespasser is not outrageous and extreme conduct. This claim must be dismissed.

Finally, on the breach of contract claim, Plaintiff tries to distinguish a conference attendance from the attendance at any other event. (Doc. 48, pp. 10-11). Plaintiff's argument that somehow this conference is distinguishable from any other event where members of the public purchase the ability to attend wholly lacks legal or logical support. Further, Plaintiff's claim that he can recover non-economic damages from a breach of contract is wholly without support. Plaintiff cannot overcome this Court's finding in *Clay v. Bd. of Trustees of Neosho Cty. Cmty. Coll.*, 905 F. Supp. 1488, 1500 (D. Kan. 1995) in which the Court adopted the position that non-economic damages are not recoverable in a breach of contract action. Plaintiff's alleged "uniqueness" of his non-economic damages from his breach of contract claim does not overcome long established Kansas case law. Plaintiff cites <u>no case law</u> that supports his theory that non-economic damages could be recoverable from a breach of contract claim. Plaintiff's only alleged damages for the alleged breach of contract is the $100 entry fee he paid. Plaintiff's Complaint states Bethel College had refunded his attendance fee. Plaintiff has no damages for the breach of contract and his claim must be dismissed.

## CONCLUSION

Plaintiff has failed to state a claim for which relief can be granted. He attempts to allege Defendant Mennonite Church, USA is liable to him because they had "representatives" at the event. They did not. His allegations are legally insufficient to establish liability under a theory of *respondeat superior*. He has not alleged any employee or agent of Defendant Mennonite Church, USA acted in any way. His conflation of the actions of persons associated with other defendants does not mean Defendant Mennonite Church, USA is liable in any way. Plaintiff does not provide any factual support for a conclusion that there was an agency or apparent agency relationship. Plaintiff's claims do not meet the plausibility standard and should be dismissed for failing to state a

claim. In the event Plaintiff's claims are not dismissed because he has not alleged any theory that attaches liability to Defendant Mennonite Church, USA, his claims fail for the reasons stated above. He does not properly allege a claim for breach of contract, false arrest, defamation, intentional infliction of emotional distress, or negligent infliction of emotional distress. In this matter an amendment to attempt to assert claims against Defendant Mennonite Church, USA would be futile and Plaintiff's claims against it should be dismissed with prejudice.

Defendant Mennonite Church, USA respectfully requests an order dismissing Plaintiff's claims against it with prejudice.

/s/Alan L. Rupe
Alan L. Rupe, KS # 08914
Kevin E. Miller, KS # 27259
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile:  (316) 462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com

*Attorneys for Defendant Mennonite Church, USA*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, I electronically filed the above Defendant Mennonite Church, USA's Reply in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system, which sent notification of the filing to all attorneys of record, including Plaintiff who is proceeding *pro se* and has been permitted to receive filings through the CM/ECF system.

/s/ Alan L. Rupe
Alan L. Rupe