IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LEICHTY,<br><br>              Plaintiff,<br><br>v.<br><br>BETHEL COLLEGE; MENNONITE<br>CHURCH USA; CITY OF NORTH<br>NEWTON, KANSAS;<br><br>              Defendants. | )<br>)<br>)<br>)<br>) No. 6:19-cv-01064-JWB-KGG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION FOR RECONSIDERATION AND ALTERATION OF
ORDER OF 2/27/2020 DENYING MOTION FOR LEAVE TO AMEND

Plaintiff Bruce Leichty (hereinafter "Plaintiff" or "Leichty"), Pro Se, hereby moves pursuant to F.R.Civ.P. 59(e) and 60 for amendment and reconsideration of the Court's Order of 2/27/2020 denying his motion for leave to amend, based on clear error of law and constitutional due process grounds, and excusable neglect, among other reasons identified below.  Plaintiff requests that the Court reverse itself and allow Plaintiff to amend his Complaint to proceed against both Mennonite Church USA ("MCUSA") and Ciry of North Newton ("City") based on the Court's legal error in applying the standards for pleading and determining futility under F.R.Civ.P. 12(b)(6) and for similar error in (1) determining joint enterprise liability of MCUSA on the tort of instigation of false arrest  and Plaintiff's breach of contract causes of action, and (2)  determining liability on the violation of Plaintiff's civil rights based on custom and practice of City.  Plaintiff also seeks reversal of the aspect of the 2/27/20 Order ("2/27/20 Order") striking his Reply in its entirety, based on his excusable neglect and for reasons of due process.   In the alternative Plaintiff asks that he permitted to proceed on at least some of his amended claims against one party or both

1

to the extent the Court is persuaded by some of the arguments below but not all, and that if necessary the Court recognize that he should be allowed to amend his complaint even if not in the exact form of the proposed First Amended Complaint submitted to this point, for the reasons noted below and in the accompanying Memorandum of Points and Authorities and Declaration of Bruce Leichty.

    1. As background, Plaintiff knows of his own personal knowledge that Mennonite Church USA was a co-sponsor of the event at which Plaintiff's contract was breached and the integrity of his person violated. Plaintiff moreover has pled facts creating a plausible basis for belief (and has so pled) that City of North Newton arrested him pursuant to an improper custom and practice of deferring to large employers reacting to perceived security threats based on speech. Plaintiff asserts that he has met the standard of plausibility of pleading the shared joint enterprise liability of MCUSA for breach and instigation of false arrest, which follows not from the "control" of physical premises by MCUSA as erroneously found in the 2/27/20 Order but from the right of both Bethel College and MCUSA to control the joint enterprise which itself is the tortfeasor and entity breaching contract as pled in the proposed amended pleading, but if necessary (as also argued in the accompanying Memorandum) also arises from the "right to control" by MCUSA of the only instrumentalities of harm implicated in the causes of action, which have nothing to do with trespass but instead consist of verbal communications either to Plaintiff (breach of contract) or to City police (both breach of contract in the alternative, and instigation of false arrest). Plaintiff asserts that the Court also clearly disregarded facts he pled in his proposed amended complaint in support of his "custom and practice" allegation and imposed a more onerous pleading standard than the plausibility standard that had to be applied. Reconsideration is thus warranted based on clear error by the Court in application of standards both of pleading and for determining joint enterprise liability leading directly to the denial of the motion to amend.

2. Plaintiff is also motivated to file this motion since, according to the Court, his proposed complaint against MCUSA is being faulted as futile for a missing allegation which is missing not because it is not true and which could not be plausibly pled (control by MCUSA over the instrumentality of harm to him at the time it was inflicted), but simply because it is not pled. Plaintiff could remedy that by a further proposed amended complaint, but believes that it serves the interest of judicial economy to assert that yet another motion to amend is unnecessary precisely because there is clear error in the 2/27/20 Order and because this Court should be given the opportunity to correct the error now. One way or the other, whether because of information to be unearthed during discovery or because MCUSA is brought in to the action on a third party complaint of Bethel College or after appeal of any judgment that does not fully make Plaintiff whole, Plaintiff is confident that the factual basis for liability of MCUSA will emerge in the form of facts that the Court apparently believes are lacking at present, or alternatively that an appellate panel will hold that this Court applied a standard too stringent. Without wishing to offend the court, Plaintiff is entitled to attempt to hold MCUSA accountable for its actions because it was part of a joint enterprise which harmed him, with such accountability being a hallmark of Mennonite theology not to mention the law. Plaintiff's actions should be understood by Defendant MCUSA in that light, even though of course Plaintiff recognizes that legal considerations are the only proper considerations for this motion. Plaintiff is also unwilling to see City of North Newton absolved of its own conduct based on errant custom and practice violating basic principles of individual rights when it is apparent that the Court has failed to consider Plaintiff's pleading of other known instances where the custom and practice was followed, and when the Court failed to follow its own Local Rule 7.4(b) or explain why it did not. By this motion Plaintiff gives the Court the opportunity to correct its errors, which Plaintiff believes is the proper course of action to take while there is still opportunity and basis under applicable rules.

3. In this Motion, Plaintiff also respectfully asserts that the Court has erred or abused its discretion by striking Plaintiff's Reply. Plaintiff appreciates the grace the Court did extend to him in not striking his entire motion to amend for exceeding page limits, since Plaintiff would not knowingly exceed any such limit, but Plaintiff believes the issues involved in page limits are deeper than that, particularly now that parties rarely get the opportunity appear for oral argument and are limited only to written presentations. As set forth in the accompanying Declaration of Bruce Leichty, Plaintiff was unaware at the time of this filings of the existence of page limits for memoranda filed either in support of a motion or in support of a reply, since they do not appear in the Local Rules of the Court, but he acknowledges that he should have been. Plaintiff respectfully submits that he has been denied due process by the Court's decision to strike the entire Reply as distinct from at least considering the pages of the Reply within the limit, but even if this Court disagrees, Plaintiff believes that it is fairly characterized as excusable neglect on his part that he presented argument to the court that the court did not consider, and Plaintiff wishes to have the content of the Reply considered in the context of this motion and also that it appear "on the record" in the event of a future appeal. In that same vein, and not in order to circumvent the 2/27/20 Order of the court, Plaintiff has attached to his Declaration the first five pages of the Reply and referred in a limited way to other material in the Reply that the appellate court would not otherwise have—and yet should be able to evaluate for itself—should this Court not restore Plaintiff's Reply to the docket and should there be a need to appeal an unfavorable judgment at some future date.

4. Plaintiff does note independently of his excusable neglect grounds that he could not possibly have made all the points necessary to proper consideration of the errors made in the 15-page opposing brief of MCUSA-- which is more like an opening memorandum because the points on futility made in response to a motion to amend cannot be predicted–within the confines of five

4

pages, which points to the problems of any arbitrary pages limits–or at least to a rigid application of them. Plaintiff realizes that most courts have adopted page limits–even though he didn't think this court had done so–and so by advancing this argument Plaintiff is not proceeding out of any animus toward this Court or Judge Broomes. Plaintiff submits for the purpose of reconsideration or ultimate appeal (as necessary) that the Standing Order of the Court that restricts Plaintiff to five (5) pages for a reply works a denial of constitutional due process to Plaintiff, both generally and as applied here, and that the Court should consider the substance of Plaintiff's Reply before issuing a final ruling on an amendment. (Unfortunately Plaintiff had no opportunity to brief this very point adequately because of the page limits applicable to the accompanying Memorandum which Plaintiff confronted too late to seek a remedy by the time Plaintiff had the opportunity to draft the Memorandum and realize the problems of trying to adequately argue all his points, but Plaintiff has done his best to balance all of the competing demands of the moment–and there was never any question that Plaintiff would comply with the Standing Order rather than try to assert his points now that he is aware of it, as noted in the accompanying Declaration.)

5. Plaintiff notes that, consistent with authority on the proper purposes of a motion for reconsideration, he is not challenging the Court's ruling that he is prevented on jurisdictional grounds from pursuing his state law false arrest cause of action against City of North Newton, event though he disagrees with that ruling and is not waiving his right to appeal it as necessary at some future time. However, even though Plaintiff concedes that it was appropriate for the Court to rule on its own jurisdiction in the absence of any opposition filed by City of North Newton, there is no jurisdictional argument implicated in Plaintiff's cause of action brought under 42 U.S.C. 1983, and therefore Plaintiff submits that there was no basis for the Court to step in and deny Plaintiff the opportunity to amend that pleading.

6. This motion is without waiver of the right that Plaintiff will have to seek authority to file

a new motion seeking leave to file a different amended pleading, if Plaintiff believes that is warranted after the ruling hereon. However, as indicated above, Plaintiff is filing this motion because Plaintiff believes requiring yet an additional step would be a waste of both judicial resources and those of the parties, and that Plaintiff should not be forced to resort to the remedy of yet another motion to amend, an argument which Plaintiff already explicitly made in his original Reply, since stricken by the Court and therefore deserving consideration here. The Court has the ability to grant and should in the interest of justice grant Plaintiff leave to file an amended complaint even if the Court believes the existing proposed First Amended Complaint has inadequacies in wording, since the Plaintiff is capable of filing a revised version of his proposed amended complaint based on any stated concerns of the Court, and his doing so would still not preclude either Mennonite Church USA or City of North Newton from then filing a motion to dismiss the revised amended complaint once it is filed, to the extent those defendants still believed that the claims against them did not meet the required pleading standard.

    WHEREFORE, Plaintiff requests that pursuant to F.R.Civ.P. 59 and 60 as further specified in the accompanying Memorandum, the Court reconsider and either vacate or amend its order of 2/27/2020 to allow Plaintiff to proceed with a First Amended Complaint naming either or both Mennonite Church USA and/or City of North Newton consistent herewith.

.

.

                                      Respectfully submitted by,

                                      /s/ Bruce Leichty
                                      Bruce Leichty, In Pro Per
                                      c/o Bruce Leichty, A Prof. Corp.
                                      220 W. Grand Ave.
                                      Escondido, CA 92025
                                      (760) 484-2467
                                      Fax: (951) 676-7462
                                      leichty@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March 2020, the foregoing was filed with the Clerk of the Court of the Kansas District Court using the CM/ECF system which will send notice of electronic filing to all counsel of record, including the following:

/s/ Bruce Leichty
Bruce Leichty, Plaintiff

Scott E. Sanders
Corey M. Adams
McDonald Tinker PA
300 W. Douglas, Ste. 500
Wichita, KS 67202
Phone: 316-263-5851
Fax: 316-263-4677
ssanders@mcdonaldtinker.com
cadams@mcdonaldtinker.com
Attorneys for Bethel College [and John Thiesen previously dismissed]

Alan L. Rupe
Lewis Brisbois Bisgaard & Smith, LLP
1605 N. Waterfront Parkway, Ste. 150
Wichita, KS 67206
Phone: 316-609-7900
Fax: 316-462-5746
alan.rupe@lewisbrisbois.com
kevin.miller@lewisbrisbois.com
Attorneys for Mennonite Church USA

Tracy M. Hayes
Robert M. Reynolds
Sanders Warren Russell & Scheer LLP
430 Corporate Woods
9401 Indian Creek Parkway, Ste. 1250
Overland Park, KS 66210
Phone: 913-234-6100
Fax: 913-234-6199
t.hayes@swrsllp.com
r.reynolds@swrsllp.com
Attorneys for City of North Newton, Kansas

ATTORNEYS AND PARTIES NOT IMPLICATED BY MOTION:

Eric A. Van Beber
Kevin D. Weakley
Wallace Saunders
10111 W. 87th St.
Overland Park, KS 66212
Phone: 913-888-1000
Fax: 913-888-1065
evanbeber@wallacesaunders.com
kweakley@wallacesaunders.com
Attorneys for Lancaster Mennonite Historical Society [dismissed by stipulation]

Thomas P. Schult
Jennifer B. Wieland
Berkowitz Oliver LLP
2600 Grand Boulevard, Ste. 1200
Kansas City, MO 64108
Phone: 816-561-7007
Fax: 816-561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com
Attorneys for Joel Nofziger [claim dismissed 10/28/2019]

Jay P. Lefkowitz
Joseph M. Sanderson
Kirkland & Ellis - New York
601 Lexington Avenue
New York, New York 10022
Phone: (212) 446-4800
Fax: (212) 446-4900
lefkowitz@kirkland.com
joseph.sanderson@kirkland.com
Attorneys for Joel Nofziger [claim dismissed 10/28/2019]

Kelsey N. Frobisher
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Ste. 100
Wichita, KS 67206-4466
Phone: (316) 267-6371
Fax: (866) 347-3808
kfrobisher@foulston.com
Attorney for Harvey County [party dismissed 7/19/19]

Toby Crouse
Crouse LLC
11184 Antioch, No. 253
Overland Park, KS 66210
Phone: (913) 957-6832
tcrouse@crousellc.com
Attorney for Harvey County [party dismissed 7/19/19]

9