IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRUCE LEICHTY,

        Plaintiff,

v.                                                                                     Case No. 19-1064-JWB

BETHEL COLLEGE;
MENNONITE CHURCH USA; and
CITY OF NORTH NEWTON, KANSAS,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration. (Doc. 74.) Plaintiff has filed a brief in support of the motion; Defendant Mennonite Church USA ("MCUSA") has filed a response. (Docs. 75, 80.) No reply has been filed and the time for doing so has now expired. The motion is thus ripe for decision. For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED.

**I. Background**

Over a year ago, Plaintiff – an attorney licensed in California – filed a 47-page complaint naming seven Defendants, including MCUSA and the City of North Newton. (Doc. 1.) On October 28, 2019, the court ruled on various motions to dismiss. (Doc. 63.) Among other things, the complaint alleged that Bethel and MCUSA co-sponsored a conference that Plaintiff attended, and that Bethel employees and/or or others improperly expelled Plaintiff from the conference and caused him to be falsely arrested when he returned to the Bethel campus. The court concluded the allegations failed to show that MCUSA was vicariously responsible for such acts. The court

rejected Plaintiff's assertion that MCUSA being a "sponsor" or "representative" of the conference was sufficient to make it liable under an agency theory: "[A]bsent any factual predicate showing that MCUSA had … an agency relationship with the individuals named in the complaint, and a factual predicate that supports direct or vicarious liability for such acts by an agent, the complaint fails to state a valid claim for relief against MCUSA." (Doc. 63 at 25.)  The court also granted the City of North Newton's motion to dismiss Plaintiff's claim against it under 42 U.S.C. § 1983, finding the complaint "fails to identify any North Newton policy or custom or allege any facts to show a direct causal link between such a policy and the allegedly unlawful arrest."  (*Id.* at 11.)

    Plaintiff subsequently filed a motion to amend the complaint and submitted a 43-page proposed amended complaint that named three Defendants.  (Doc. 66 at 6.) The court – in the ruling now challenged by Plaintiffs – denied the motion to amend the complaint.  (Doc. 72.) Among other things, the court determined that Plaintiff's proposed amendments alleging vicarious liability against MCUSA under a joint venture (or joint enterprise) theory failed to state a valid claim for relief. The proposed amendments essentially alleged that MCUSA was liable because MCUSA and Bethel organized and operated the conference as a joint venture. The court found the allegations did not show that MCUSA had any right to exclude or revoke permission for conference attendees or campus visitors to be on the Bethel campus, and thus, as applied to the claims in this case, they did not satisfy the requirements of Kansas law for vicarious liability as to a joint enterprise.  (*Id.* at 8.)  With respect to Defendant City of North Newton, the court found the proposed amended complaint failed to state a claim under 42 U.S.C. § 1983 because it again failed to plausibly allege a municipal custom or policy that caused the alleged violation of Plaintiff's constitutional rights. (*Id.* at 10-11.)

Plaintiff "moves pursuant to [Fed. R. Civ. P. 59(e) and 60] for amendment and reconsideration of the Court's Order …, based on clear error of law and constitutional due process grounds, and excusable neglect, among other reasons…." (Doc. 74 at 1.)  Plaintiff argues the court misapplied the standards of Rule 12(b)(6) and Kansas law concerning joint enterprise liability with respect to the allegations against MCUSA.  (Doc. 75 at 5-13.)  As for his § 1983 claim against the City of North Newton, Plaintiff argues the proposed amendments satisfied the pleading standards of Rule 12(b)(6) and, moreover, that the court should have granted his motion as uncontested. (*Id.* at 13-14.) Finally, Plaintiff argues the court deprived him of due process of law by striking his reply brief for exceeding the undersigned's standing order on page limitations.  (*Id.* at 14-15.) Plaintiff also argues his ignorance of the standing order was due to excusable neglect, such that the court should consider the reply brief under Fed. R. Civ. P. 60, and further that the court should have either considered the first five pages of the reply brief or not applied the page limitation because "imposition of a five-page limit for all replies is unreasonable."  (*Id.* at 15.)

**II. Standard**

"Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc*., No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, at *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co*., 845 F.3d 997, 1004 (10th Cir. 2017.)) A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (citations omitted.) It is appropriate only "where

the court has misapprehended the facts, a party's position, or the controlling law." *Id. See Holick v. Burkhart*, No. 16-1188-JWB, 2019 WL 3801646, at *1 (D. Kan. Aug. 13, 2019).

### III. Analysis

Plaintiff asserts the need to correct a clear error of law or prevent manifest injustice, rather than a change in the law or new evidence, as the basis for reconsideration of the court's prior order. But Plaintiff has shown no clear error or manifest injustice.

As to MCUSA's asserted liability for the acts of persons who were not alleged to be its agents, the court pointed out that for vicarious liability of a joint venturer to exist, Kansas law requires that the party must have had "an equal right to a voice, accompanied by an equal right of control over the instrumentality." (Doc. 72 at 7) (citing *Cullip ex rel. Pitts v. Domann ex rel. Domann,* 266 Kan. 550, 557, 972 P.2d 776, 783 (1999)). Plaintiff argues such a requirement does not apply because the cases cited by the court involved a physical instrumentality that was involved in causing an injury (such as an automobile), whereas the wrongful act here "is an intangible act, a communicative act…." (Doc. 75 at 6-7.) But Plaintiff cites no Kansas case holding that the element of a right-to-control is inapplicable to circumstances like this case. Moreover, the court not only pointed out the lack of any factual allegations showing that MCUSA had a right to control who was on the Bethel premises, it also pointed out there were no allegations that any individual who committed a wrongful act was an employee or agent of MCUSA or "that MCUSA had any right to control the actions of Bethel employees." (Doc. 72 at 8.) Additionally, the court cited a Kansas case where no vicarious liability was found because two alleged joint venturers did not have control over the premises of a third joint venturer on whose property an injury occurred, as well as a Kansas case indicating that vicarious liability applies generally, including in the case of a joint venture, where a party has sufficient control and responsibility for the actions of others to

justify holding them liable. (*Id.* at 7-8.)  Plaintiff's claims against MCUSA were premised on his expulsion from a conference on the Bethel campus and his arrest for returning to the campus. It was precisely the lack of any allegation of control by MCUSA over those matters that caused the court to deny Plaintiff's motion to amend. Plaintiff has not shown that in doing so the court misapplied the Kansas law pertaining to vicarious liability.

Nor has Plaintiff shown clear error in the court's application of the rules of pleading under Fed. R. Civ. P. 12(b)(6).  Factual allegations in a complaint need not be detailed, but they must contain enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Here, Plaintiff did not allege facts showing that MCUSA had any right to control the premises or persons that gave rise to his alleged injuries, and thus failed to state a claim of vicarious liability that is plausible on its face.  *Cf. Beavers v. Victorian*, No. CIV-11-1442-D, 2013 WL 3424174, at *3 (W.D. Okla. July 8, 2013) ("Nor do these allegations show any agreement or right of control regarding the shipment at issue. In short, Plaintiffs have pled insufficient facts to raise above a speculative level their claims based on the alleged joint enterprise or joint venture.")

Plaintiff has similarly failed to show clear error or manifest injustice relating to denial of the motion to amend his § 1983 claim against the City of North Newton.  Referring to an allegation in his proposed amended complaint that the City of North Newton's policy or practice had caused the false arrest of persons other than himself, Plaintiff complains that "[a]lthough the Court found that Plaintiff had failed to [allege] 'any other instance of the alleged practice' that is inaccurate." (Doc. 75 at 13.)  In support of this argument, Plaintiff cites the same allegations that the court singled out in its prior order as being conclusory and unsupported by any concrete facts: "Nor do Plaintiff's assurances that he 'is aware of one or more other instances' of the custom being

5

employed or the belief of a 'long-time residence of a nearby community' that the City has such a practice provide any factual support for the claim." (Doc. 72 at 11.)  It was not clear error to deny an attempt to add such conclusory allegations to the complaint.  Plaintiff also contends the court should have granted his request to amend as uncontested, because the City of North Newton did not respond to it.  But the court has discretion to deny such a motion where it is lacking on its face and would only serve to prolong a claim with no apparent factual support. *Cf. Jones v. Corr. Corp. of Am.*, No. 10-3167-JTM, 2012 WL 3238190, at *3 (D. Kan. Aug. 7, 2012) ("Even while acknowledging its authority to grant uncontested motions pursuant to D. Kan. R. 7.4, a court may evaluate the merits of a motion. * * * Courts may choose to independently evaluate a motion based on the nature of the motion.") and Fed. R. Civ. P. 1 (the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action….")

Finally, the court rejects Plaintiff's assertion that he is entitled to relief because the court allegedly deprived him of due process by striking his reply brief.  As an initial matter, Plaintiff has not shown that anything within that reply brief alters the court's reasons for denying his original motion to amend or that would alter the conclusions reached in this order. Moreover, Plaintiff concedes he failed to observe the court's standing order due to neglect on his part, although he contends the neglect was excusable.  The standing order was published on the court's publicly accessible website, and it is common knowledge among most litigants – and particularly among practicing lawyers – that federal judges frequently adopt individual rules pertaining to page limits and motion practice in their courts. The standing order clearly explains that the page limits can be exceeded upon a proper application and showing of good cause, yet Plaintiff made no such request. These page limits have proven adequate for parties presenting cases more complex than this one.

6

Leaving all that aside, however, the bottom line is that nothing in the reply brief shows that the court erred in denying Plaintiff's motion to amend the complaint.

The court has reviewed Plaintiff's motion for reconsideration and finds the arguments discussed in this order, as well as the additional arguments contained in the motion, to be without merit.

### IV. Conclusion

Plaintiff's motion for reconsideration (Doc. 74) is DENIED.  IT IS SO ORDERED this 14th day of July, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE