# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LEICHTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-1064-JWB-KGG |
| ) | |
| BETHEL COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER ON
## MOTION FOR LEAVE TO AMEND COMPLAINT
## AND MODIFY SCHEDULING ORDER

NOW BEFORE THE COURT is Plaintiff's "Motion for Order Authorizing Filing of First Amended Complaint Against Defendant Bethel College and for Order Modifying Two Provisions of Scheduling Order." (Doc. 95.) After review of the parties' submissions, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion.

## BACKGROUND

The facts of this case were summarized by the District Court in its Memorandum & Order denying Plaintiff's prior Motion to Amend. (Doc. 72, at 2-4.) That summary is incorporated herein by reference.

1

The present motion seeks leave to file an "edited and streamlined" Amended Complaint "now that only one of the original seven defendants remains a defendant in the action." (Doc. 97, at 1.) Plaintiff notes that

> [t]he operative complaint on file in the action still contains the names of seven defendants and all of the causes of action against all seven defendants even though all except Bethel College have now been dismissed either by stipulation or by court order. Some causes of action are against both Bethel College and a dismissed Defendant.

(*Id*., at 2.) He also indicates that he understood that the Scheduling Order would include a deadline of December 18, 2020, to move to amend rather than the November 6, 2020, that was included. (*Id*., at 3.)

Plaintiff also requests the Scheduling Order be amended to allow him up to 12 depositions rather than the 8 depositions provided. (*Id*., at 1-2.) He indicates that during the process of scheduling depositions, he "realized that he had erred in estimating the number of depositions that would be required and that could be required." (*Id*., at 4.) He also states he wants to "reserve the right to depose at least two more persons" based on information gleaned through discovery. (*Id*.) Since the filing of Plaintiff's motion, Defense counsel apparently has agreed to allow Plaintiff a total of 12 depositions. (Doc. 101, at 5-6.) As such, the Court notes that this issue is resolved.

Finally, Plaintiff asks to have until November 20, 2020, to seek an order authorizing further amendment as a result of discovery responses he was anticipating when the motion was filed. (*Id*., at 1-2.) He argues that with the current deadline, he "would not have any time after the initial discovery responses of Defendant had been received and the first round of depositions completed to determine if there were grounds for seeking leave to add additional defendants." (*Id*., at 4.)

## **ANALYSIS**

**A.     Motion to Amend Complaint.**

Motions to amend pleadings are governed by Fed.R.Civ.P. 15(a), which provides that a pleading may be amended "once as a matter of course within … 21 days after service of a responsive pleading." Fed.R.Civ.P. 15 (a)(1)(B). It is undisputed that Defendants have filed their Answer and more than twenty-one (21) days have elapsed. As such, the Complaint cannot be amended as a matter of course.

Pursuant to Fed.R.Civ.P 15(a)(2), Plaintiff may thus amend "only with the opposing party's written consent or the court's leave." Courts are to "freely give leave when justice so requires." *Id*. "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." ***Calderon v. Kan. Dept. Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186

(10th Cir. 1999)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted).

In opposition to Plaintiff's motion, Defendant argues that "Plaintiff's proposed amended [Complaint] serves no purpose other than to create undue burden on Bethel College to respond to a complaint it has already largely responded to, and to harass Bethel College in having to respond to allegation that relate to claims already rejected by this Court." (Doc. 101, at 3.)  Defendant concedes, however, that Plaintiff's proposed Amended Complaint adds no new causes of action, but argues that it offers nothing "of substance relevant to the causes of action currently pending against Bethel College." (*Id*, at 4.)  Defendant thus argues that allowing the amended pleading would "merely require [it] to expend unnecessary resources to irrelevant new allegations, and allegations already responded to." (*Id.*, at 4-5.)

The Court finds that Plaintiff's request is timely and not made in bad faith. While Defendant argues that having to respond to the amended pleading would cause it prejudice, the Court finds that there has been no showing that such prejudice would be undue.  Further, Defendant has made no argument that the

proposed amendments are futile.  As such, the Court finds that Plaintiff's request is reasonable and **GRANTS** this portion of Plaintiff's motion.

### B.   Motion to Amend Scheduling Order.

Plaintiff also seeks leave to amend the Scheduling Order to extend the deadline to move to amend the pleadings.  As stated above, Plaintiff argues that he "would not have any time after the initial discovery responses of Defendant had been received and the first round of depositions completed to determine if there were grounds for seeking leave to add additional defendants."  (Doc. 97, at 4.)

The Court finds this portion of Plaintiff's motion is unnecessary.  Plaintiff does not know if he will want to file an additional Motion to Amend.  He merely indicates that he wants the option to potentially seek "to further amend the complaint if he believes that information yielded from discovery so warrants … ."  (Doc. 97, at 6.)  The Court need not amend the Scheduling Order based on a possibility of this occurring.  Plaintiff would still have the opportunity to move to file an amended complaint outside of the deadline if he establishes good cause to do so – such as establishing the actual existence of new information yielded through discovery (rather than merely discussing its potential existence).  As such, this portion of Plaintiff's motion is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. 95) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 23rd day of December, 2020.

                                                S/ KENNETH G. GALE
                                                KENNETH G. GALE
                                                United States Magistrate Judge