FILED  
United States Court of Appeals  
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

April 20, 2023

Christopher M. Wolpert  
Clerk of Court

---

BRUCE LEICHTY,

    Plaintiff - Appellant,

v.

BETHEL COLLEGE; MENNONITE CHURCH USA; CITY OF NORTH NEWTON, KANSAS; JOHN THIESEN,

    Defendants - Appellees,

and

JOEL NOFZIGER,

    Defendant.

No. 22-3047  
(D.C. No. 6:19-CV-01064-JWB)  
(D. Kan.)

---

## ORDER AND JUDGMENT[*]

---

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.

---

[*] Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal involves the scope of rights that come with attendance at a conference. Upon paying the required fee, individuals obtain rights to attend the conference. But under what circumstances can the conference organizers expel attendees? And does expulsion subject individuals to arrest if they reappear at the conference? Here we conclude that purchase of a ticket created an irrevocable right to attend the conference. But once the attendee was expelled, his reappearance could support an arrest for trespass.

## Background

These issues arise from a two-day conference sponsored by Bethel College, which is a Mennonite college in the City of North Newton, Kansas. The subject of the conference was the Mennonites' role in the Holocaust.

Mr. Bruce Leichty paid the $100 attendance fee to attend the conference and planned to conduct his own program in the evening. At the evening program, Mr. Leichty and two associates would present "unusual perspectives on the Holocaust." Appellant's App'x vol. 3, at 619.

Before the conference had begun, Mr. Leichty distributed flyers about his own program. The organizers asked Mr. Leichty to stop distributing the flyers on the conference grounds. But Mr. Leichty refused to stop until the organizers called the police.

2

The conflicts resumed at the conference when Mr. Leichty stood to make a comment. One of the conference organizers reminded Mr. Leichty to stay on topic. Mr. Leichty then commented that Jewish people had different perspectives on the Holocaust. One of the conference organizers instructed someone to cut Mr. Leichty's microphone. Though his microphone had been cut, Mr. Leichty continued to speak about his upcoming program.

Later that day, another organizer of the conference told Mr. Leichty that he was "out of the conference." *Id.* at 626. In front of Mr. Leichty, the organizer told a colleague to call the police if Mr. Leichty attended the next day.

Undeterred, Mr. Leichty returned the next day. The college president told him to leave, but Mr. Leichty refused. College officials called the police, who arrived and arrested Mr. Leichty for trespass. He then sued Bethel College and the City of North Newton.

### Claims against Bethel College

**1. The district court erred in part in granting summary judgment to Bethel College.**

In the suit against Bethel College, Mr. Leichty claimed breach of contract and false arrest. On both claims, the district court granted summary judgment to the college. We uphold the ruling on the claim of false arrest, but disagree with the ruling on the contract claim.

3

**1.1   We review the evidence favorably to Mr. Leichty.**

For both rulings, we conduct de novo review. *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020). In conducting de novo review, we view the evidence and draw reasonable inferences favorably to Mr. Leichty. *See id.* We will uphold the grant of summary judgment only if (1) the college is entitled to judgment as a matter of law and (2) no genuine dispute exists on a material fact. Fed. R. Civ. P. 56(a).

**1.2   The district court erred in treating the contract as revocable.**

Mr. Leichty claims that

- his purchase of a ticket entitled him to attend the conference and

- Bethel College violated that right by kicking Mr. Leichty out of the conference.

Bethel College acknowledges the existence of a right to attend the conference, for a license arose when Mr. Leichty enrolled in the conference and paid the $100 registration fee. The disagreement involves the college's right to revoke Mr. Leichty's license.

The district court concluded that the college could revoke Mr. Leichty's license if he failed to act in good faith. And in the court's view, Mr. Leichty's conduct reflected a failure to act in good faith. We reject this reasoning because state law treated Mr. Leichty's license as irrevocable once he enrolled and paid the registration fee. *See Wichita State Univ. Intercollegiate Athletic Ass'n v. Marrs*, 28 P.3d 401, 403 (Kan.

Ct. App. 2001)[1] ("Although a license is generally revocable at the will of the licensor, an executed license—a license supported by valuable consideration—may not be revoked."); *see also McKim v. Carre*, 83 P. 1105, 1105 (Kan. 1905) (stating that "even an oral license may be irrevocable, where it is given for a valuable consideration and is acted upon by the licensee").

Rather than question the irrevocable nature of the license, the college argues that further performance was excused when Mr. Leichty breached his implied obligation to act in good faith. Though the district court didn't rely on this argument, we have discretion to consider it as an alternative basis to affirm. *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). To determine whether we should exercise this discretion, we consider three factors:

1. whether the parties fully briefed this ground in district court and on appeal,

2. whether the parties had a fair opportunity to develop the factual record, and

3. whether consideration of the alternative ground would involve only legal questions.

*Id.*

---

[1]  The parties agree that on the state-law claims, the applicable law is Kansas's.

These factors support consideration. The parties briefed the issue here and in district court.[2] In district court, Bethel College argued that it could discontinue performance because Mr. Leichty had breached the contract. Because Bethel College raised this argument in a summary-judgment motion, Mr. Leichty had an opportunity to develop the record as to his compliance with the contract. And our decision turns on a legal question—whether a genuine dispute exists over a material fact. *See Stewart v. City of Okla. City*, 47 F.4th 1125, 1133 n.5 (10th Cir. 2022) (recognizing that "our decision as to whether a genuine and material dispute exists is a legal judgment"). Because each factor supports consideration, we address Bethel College's argument that it could discontinue performance because of Mr. Leichty's contractual breach.

The breach of an implied covenant of good faith and fair dealing ordinarily entails a question of fact. *Waste Connections of Kan., Inc. v. Ritchie Corp.*, 298 P.3d 250, 265 (Kan. 2013). Bethel College argues that the ordinary rule doesn't apply because Mr. Leichty indisputably breached the implied covenant of good faith and fair dealing by

- disregarding instructions to stop handing out flyers and

---

[2]   In district court, Bethel College argued that Mr. Leichty had breached the parties' contract. The contract included the covenant of good faith and fair dealing. *Waste Connections of Kan., Inc. v. Ritchie Corp.*, 298 P.3d 250, 265 (Kan. 2013).

6

- standing up to promote his event during Bethel College's conference.

In our view, Bethel College's arguments entail questions of fact. Mr. Leichty acknowledges that he distributed flyers. But Bethel College implicitly assumes that its contract with Mr. Leichty prohibited him from passing out flyers on the campus.

When Mr. Leichty began handing out flyers, he was told to stop. He responded that he believed that he was entitled to hand them out. A factfinder could regard that belief as reasonable, for Bethel College hadn't said anything earlier about an inability to promote other events. A reasonable jury could thus find that

- Mr. Leichty had a good faith belief that he was entitled to distribute the flyers, and

- his refusal to stop had not amounted to a material breach of his duty of good faith and fair dealing.

The same is true for Mr. Leichty's comment at the conference. When Mr. Leichty stood, he was told to stay "on topic." But Mr. Leichty could reasonably view his comments as "on topic." After all, his comment concerned the Holocaust.

Mr. Leichty's comments did spark an outburst, and organizers cut Mr. Leichty's microphone as other attendees shouted at him. Bethel College contends that Mr. Leichty improperly continued to speak after his microphone had been cut. Mr. Leichty concedes that he added "a few more

sentences without benefit of the microphone." Appellant's App'x vol. 3, at 624. Even so, we conclude that a reasonable jury could find that his continuing to speak did not constitute a material breach of his duty of good faith and fair dealing. *See Waste Connections*, 298 P.3d at 271 (emphasizing "that the fact question of the existence of good or bad faith is peculiarly inappropriate for summary judgment").

* * *

The district court erred in concluding that Mr. Leichty's license was revocable, and a triable fact-issue existed on whether Mr. Leichty had breached the covenant of good faith and fair dealing. So we reverse the award of summary judgment on the contract claim.

### 1.3   The district court didn't err in granting summary judgment to the college on the claim of false arrest.

Despite the irrevocable license, conference officials kicked Mr. Leichty out of the conference and warned him that they'd call police if he returned the second day. He returned anyway and got arrested. Blaming the college for giving false information to the police, Mr. Leichty asserted a claim against the college for false arrest. The district court granted summary judgment to the college on this claim.

Under state law, a private entity can incur liability for false arrest, but not if "legal cause or justification existed for the restraint." *Thurman v. Cundiff*, 580 P.2d 893, 899 (Kan. Ct. App. 1978). The district court

properly concluded that the police had justification to arrest Mr. Leichty for trespass.

Under state law, individuals commit criminal trespass by entering or staying on land with knowledge that they're not authorized and have been ordered to leave by someone with authority. Kan. Stat. Ann. § 21-5808(a)(1)(A). Mr. Leichty violated this law by returning to the conference after being kicked out.

Mr. Leichty doesn't deny awareness that he'd been kicked out of the program and told not to return. Despite this awareness, he argues that

- he was invited to return to the campus for a lunch,

- college officials gave incorrect information to the police about which official had banned him from the conference,

- he couldn't have committed trespass because he had a contractual right to return to the conference, and

- organizers didn't ban Mr. Leichty from reentering the campus itself.

These arguments don't create a material fact-issue on justification for the arrest.

After Mr. Leichty tried to announce his own event, he left the building with one of the organizers (John Sharp). Mr. Sharp invited Mr. Leichty to attend a lunch the next day, and Mr. Leichty accepted. From this invitation, Mr. Leichty argues that he could reenter the campus to go to lunch with Mr. Sharp. Mr. Leichty is right, but he was never invited

9

back into the conference itself. And Mr. Leichty was arrested for reentering the conference, not for joining Mr. Sharp at lunch. So the invitation to lunch does not create a genuine dispute of material fact on justification for the arrest.

Mr. Leichty also insists that the college gave false information to the police about who had expelled him at the end of the first day. The arresting officer attributed this statement to the college president. But the college attributed this statement to another organizer of the conference.

This discrepancy proves little, though, because both the college president and the other organizer had authority to exclude Mr. Leichty from the conference. And the president did tell Mr. Leichty that he couldn't reenter the conference when he returned the second day. So the police had justification to arrest Mr. Leichty for trespass irrespective of who had expelled him earlier.

Mr. Leichty argues that college officials lacked a contractual right to expel him from the conference. But Mr. Leichty's contractual right to attend the conference didn't vitiate Bethel College's right under property law to exclude him from the grounds. *See Marrone v. Wash. Jockey Club of D.C.*, 227 U.S. 633, 636 (1913) (concluding that a patron who purchases a ticket to an event has a contractual right to enter the premises, but the landowner maintains a property right to exclude the patron). When the

college told Mr. Leichty to leave the premises, he incurred an obligation to leave and "[h]is only right was to sue upon the contract for the breach." *Id.*

Mr. Leichty also points out that he was barred from entering the conference rather than the campus itself. But Mr. Leichty was arrested for reentering the conference itself, not the surrounding campus. So Mr. Leichty's right to reenter the campus itself doesn't undermine the justification for his arrest.

Because the police had justification to arrest Mr. Leichty for trespass, the college was entitled to summary judgment on the claim for false arrest.[3]

### 2. The district court didn't abuse its discretion in requiring Mr. Leichty to take depositions through a video platform.

The discovery phase took place during a worldwide pandemic, so college officials asked Mr. Leichty to wear a mask when he was taking depositions. He wouldn't promise to do so, and the district court ordered him to take depositions by a video platform. This decision fell within the district court's realm of discretion. *See SEC v. Merrill Scott & Assocs.*,

---

[3]  Mr. Leichty states that he wasn't able to obtain discovery from the college. If he needed more discovery to respond to the motion for summary judgment, he needed to file an affidavit under Federal Rule of Civil Procedure 56(d). But he failed to do so. So Mr. Leichty's discovery argument doesn't affect the college's right to summary judgment on the claim of false arrest. *See Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1124–25 (10th Cir. 2008).

600 F.3d 1262, 1271 (10th Cir. 2010). So we reject Mr. Leichty's challenge to the order requiring him to take depositions through a video platform.

## Claims against the City of North Newton

Mr. Leichty also sued the City of North Newton, invoking 42 U.S.C. § 1983 and asserting a state-law claim for false arrest. The district court properly dismissed these claims.

**1.   The district court acted properly by dismissing the state claim for false arrest and disallowing amendment to reassert the claim.**

To sue the city under state law, Mr. Leichty needed to provide notice. Kan. Stat. Ann. § 12-105b(d). Mr. Leichty didn't provide the required notice, and the district court dismissed the claim. The court based this dismissal on a lack of subject-matter jurisdiction, and Mr. Leichty argues that the defect wasn't jurisdictional.

But Kansas law treats the notice requirement as jurisdictional. *See Whaley v. Sharp*, 343 P.3d 63, 67 (Kan. 2014) (recognizing that notice "is required before a court has subject matter jurisdiction over a tort claim against a municipality"). Mr. Leichty points out that federal law sometimes treats similar requirements as nonjurisdictional. For example, we have held that the failure to file an EEOC charge doesn't strip district courts of jurisdiction over claims under Title VII or the Americans with Disabilities Act. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

Here, though, Mr. Leichty's claim for false arrest arises under state law. So we apply state law to determine whether the notice requirement is jurisdictional. *Felder v. Casey*, 487 U.S. 131, 151 (1988).[4] And under state law, the lack of notice prevented jurisdiction.

Mr. Leichty argues in the alternative that even if the district court had initially lacked jurisdiction over the initial complaint, his later notice and motion to amend would have cured the defect. But his later notice was too late because the limitations period had already expired. *See* Kan. Stat. Ann. § 60-514(b). So reassertion of the state claim would have been futile.

### 2. The district court properly disallowed amendment of Mr. Leichty's claim under § 1983.

Mr. Leichty also sued the city under § 1983. The district court dismissed this cause of action for failure to state a valid claim. *See* Fed. R. Civ. P. 12(b)(6). Mr. Leichty then requested leave to amend. The court denied leave to amend, concluding that amendment would be futile. Mr. Leichty challenges the denial of leave to amend.

---

[4] Even under federal law, we treat statutory notice requirements as jurisdictional when the underlying statute waives sovereign immunity. For example the Federal Tort Claims Act requires notice, and we consider this requirement jurisdictional because the statute waives the federal government's sovereign immunity. *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005); *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

**2.1   We conduct de novo review and view the allegations favorably to Mr. Leichty.**

For this ruling, we conduct de novo review. *Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010). We conduct this review based on the standard for failure to state a valid claim. *Id.* Under this standard, we view the allegations in the light most favorable to Mr. Leichty to determine whether the proposed amendment would state a facially plausible claim. *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019).

**2.2   The additional allegations in the amended complaint would have been futile.**

For the § 1983 claim against the city, Mr. Leichty needed to plead facts reflecting an unconstitutional policy or custom. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019). Based on this requirement, the district court deemed the original complaint insufficient. Mr. Leichty tried to cure this defect through an amended complaint, but the district court disallowed amendment based on futility. Mr. Leichty challenges the denial of leave to amend.

In the proposed amended complaint, Mr. Leichty tried to add allegations that

- at least once, the city had accommodated the largest employers by arresting individuals without cause and

- a long-time resident of a nearby community had said that the North Newton police would accommodate major employers when they requested an arrest.

These allegations don't suggest any similar arrests for trespass based on a property-owner's wrongful ban from the premises. The proposed amendment says that at least once, the city had agreed to arrest someone based on the request of a large employer. This allegation doesn't suggest a pattern.

Mr. Leichty adds that someone told him that this practice is common. But Mr. Leichty doesn't identify his source or say how this individual would know. Without any concrete facts supporting the anonymous source's opinion, we must disregard it as conclusory. *See id.* at 1282. As a result, the district court properly denied Mr. Leichty's motion to amend the complaint as to the City of North Newton.

**2.3   The district court didn't err in striking Mr. Leichty's reply brief.**

Mr. Leichty filed an 18-page reply brief in support of his motion for leave to amend. But the page limit was only 5 pages. So the district court struck the reply brief.

In considering this ruling, we apply the abuse-of-discretion standard. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1111–12 (10th Cir. 2007) (stating that the abuse-of-discretion standard applies to our review of a ruling enforcing a 20-page limit for responses to motions for summary judgment). Because the reply brief was too long, the district court acted within its discretion. *See id.* (concluding that the district court's denial of extra pages wasn't an abuse of discretion).

## Conclusion

We reverse the dismissal of Mr. Leichty's contract claim against the college. The district court granted summary judgment to the college on this claim, reasoning that Mr. Leichty's conduct had terminated his right to keep attending the Holocaust conference. But Mr. Leichty had an irrevocable license upon his enrollment and payment of the $100 registration fee.

We affirm the district court's other rulings. The North Newton police had justification to arrest Mr. Leichty for trespass, and the college's alleged misstatement didn't affect that justification. The district court also properly

- dismissed the state claim against the city for failure to satisfy the notice requirement and

- concluded that the proposed amended complaint had failed to adequately allege an unconstitutional policy or custom.

We remand for further proceedings on the contract claim against Bethel College.

                              Entered for the Court

                              Robert E. Bacharach
                              Circuit Judge